535 F.2d 758
 SUN SHIPBUILDING & DRY DOCK CO., Petitioner,
v.
BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-Respondent,
Leo M. McCabe et al., Intervenors.
 No. 75-1715.
 United States Court of Appeals,
Third Circuit.
 Argued Feb. 23, 1976.
Decided March 25, 1976.
 
 John J. Runzer, Hedy M. Powell, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellant.
 William J. Kilberg, Solicitor of Labor, Laurie M. Streeter, Assoc. Sol., Jean S. Cooper, Atty., Washington, D. C., for respondent, Director, Office of Workers' Compensation Programs.
 Paul J. Senesky, Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for intervenors.
 Before ADAMS, HUNTER and GARTH, Circuit Judges.OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Ten employees of Sun Shipbuilding & Drydock Co. (Sun), complaining of a loss of hearing because of work conditions filed claims with the Office of Workers' Compensation Programs pursuant to the Longshoremen's and Harbor Workers' Compensation Act.[1] An administrative law judge found Sun liable and set damages. Sun appealed the decisions to the Benefits Review Board (Board) of the Department of Labor. The Board affirmed the administrative law judge's determinations with respect to liability, but in each case remanded the proceedings for a redetermination of the degree of hearing loss and the amount of damages. Sun then filed this petition to review the Board's action, naming the Board as respondent.
 
 
 2
 Two questions arise before the merits may be reached: the jurisdiction of this Court to entertain the petition, and the propriety of the designation of the Board as a party-respondent.
 
 I.
 
 3
 33 U.S.C. § 921(c) confers on the courts of appeals jurisdiction to review "final orders of the Board." Sun maintains that because the issue of liability has been authoritatively decided by the Board, there is a final order, even though the amount of damages remains to be ascertained.
 
 
 4
 Whether a particular order or judgment in a proceeding is a "final" one for purposes of appealability frequently poses a difficult problem.[2] It is a well-established rule of appellate jurisdiction, however, that where liability has been decided but the extent of damage remains undetermined, there is no final order.[3] Although there may be no precise congruence between "the classical jurisdictional requirements" applied to appeals from district courts and the jurisdictional standards applicable to review of administrative proceedings,[4] we perceive no reason that would preclude the employment of this "classical" finality rule to ascertain the nature of the Board's decision in this matter. Our resolution ought not to be guided solely by whatever label the Board affixes to its action, nor is this an instance where the statute or the Board's regulations impose special considerations on the determination of finality. In view of these circumstances, we hold that the Board's action does not constitute a "final order" for the purposes of review by this Court.
 
 
 5
 Without deciding whether such considerations can ever afford relief with respect to the review of administrative actions, we note only that this case presents none of the reasons that have been advanced in the cases cited by Sun to justify departure from the classical finality rule. The issue of liability is hardly a collateral one,[5] the determination of the degree of hearing loss is not a purely ministerial function,[6] this decision by the Board will not result in the effective termination of the litigation,[7] and there is no need for an adjudication by a court of appeals in order to effect a remedy decreed below.[8] Moreover, the possibility of irreparable harm to Sun if the administrative process is permitted to run its course is not in issue here.[9]
 
 
 6
 Additional legal issues may arise on the remand to the administrative law judge, and no rights to review will be lost by Sun if it must first litigate the issue of damages before the administrative agency.[10] Judicial economy, the interest underlying the finality rule, will be better served by postponing review until the amount of damages has been adjudicated.
 
 II.
 
 7
 The Board seeks its dismissal as a party-respondent in this case, contending that its role is that of a judge, not that of an adversary.[11] Since we are without jurisdiction to entertain the petition, we may only deny that motion without prejudice to the Board's right to reassert the motion if a valid petition to review is later filed.
 
 
 8
 Accordingly, the petition to review will be dismissed without prejudice for want of jurisdiction, and the motion of the Board will be denied without prejudice.
 
 
 
 [1]
 33 U.S.C. §§ 901 et seq. (1970 and Supp. II, 1972)
 
 
 [2]
 See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170-71, 94 S.Ct. 2140, 2149-50, 40 L.Ed.2d 732, 744-45 (1974)
 
 
 [3]
 McGourkey v. Toledo & Ohio Central Ry. Co., 146 U.S. 536, 546-51, 13 S.Ct. 170, 172-74, 36 L.Ed. 1079, 1083-85 (1892); Craighead v. Wilson, 59 U.S. (18 How.) 199, 201, 15 L.Ed. 332, 333 (1855); The Palmyra, 23 U.S. (10 Wheat.) 502, 503-04, 6 L.Ed. 375 (1825); Wrist-Rocket Mfg. Co. v. Saunders Archery Co., 516 F.2d 846, 848-49 (8th Cir.), cert. denied, 423 U.S. 870, 96 S.Ct. 134, 46 L.Ed.2d 100 (1975); Haverhill Gazette Co. v. Union Leader Corp., 333 F.2d 798, 803 (1st Cir.), cert. denied, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1964)
 
 
 [4]
 Cf. Weinberger v. Salfi, 422 U.S. 749, 764-67, 95 S.Ct. 2457, 2466-68, 45 L.Ed.2d 522, 538-40 (1975)
 
 
 [5]
 See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528, 1535-36 (1949)
 
 
 [6]
 See Hattersley v. Bollt, 512 F.2d 209, 213-14 (3d Cir. 1975)
 
 
 [7]
 See In re Grand Jury Proceedings, 525 F.2d 151 (3d Cir. 1975)
 
 
 [8]
 See Brown Shoe Co. v. United States, 370 U.S. 294, 309, 82 S.Ct. 1502, 1515, 8 L.Ed.2d 510, 526 (1962)
 
 
 [9]
 See Isbrandtsen Co. v. United States, 93 U.S.App.D.C. 293, 211 F.2d 51, cert. denied, 347 U.S. 990, 74 S.Ct. 852, 98 L.Ed. 1124 (1954). Sun indicated at oral argument that speculation about the financial irresponsibility of the claimants, who have already received benefits, has not been recognized as grounds for a determination of irreparable injury. E. g., Tucker v. Norton, 47 F.Supp. 762 (E.D.Pa.1942), aff'd 134 F.2d 172 (3d Cir. 1943) (per curiam)
 
 
 [10]
 If Sun chooses to appeal the administrative law judge's determination of the extent of damages, the Board's decision on that issue, whether in favor of Sun or against Sun, will implicitly incorporate its prior judgment on Sun's liability. At that point the judgment will be final, and Sun may then petition this Court to review such a final order, raising both the liability and damages questions
 
 
 [11]
 The Board makes reference to McCord v. Benefits Review Board, 168 U.S.App.D.C. 302, 514 F.2d 198 (1975), as an instance in which the Board was dismissed. But cf. Brennan v. Gilles & Cotting, 504 F.2d 1255, 1266-67 (4th Cir.1974) (Occupational Safety and Health Review Comm'n motion for dismissal denied)