Bethlehem Mines Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Nick Padovich, Respondents.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Arthur M. Wilson,* with him *Greenlee, Richman, Derrico & Posa,* for petitioner.

*Benjamin L. Costello,* for respondent, Padovich.

*Sandra S. Christianson,* Assistant Attorney General , for respondent, Commonwealth.

OPINION BY JUDGE WILKINSON, JR., December 28, 1978:

Petitioner appeals an order of the Workmen's Compensation Appeal Board (Board) setting aside a referee's disallowance of claimant's petition and remanding for the appointment of an impartial physician and the making of more specific findings of fact.[1] We reverse.

Claimant was last employed as a coal miner on January 2, 1976, having worked for various coal companies in this state for approximately 40 years. Claimant's petition alleged total and permanent disability from anthraco-silicosis and/or coal worker's pneumoconiosis as of February 20, 1976.[2]

A referee found in a decision dated July 26, 1977, that claimant was neither totally nor partially disabled as a result of pneumoconiosis or any other occupational disease. Pursuant to an appeal by the claimant, the Board by its order dated March 15, 1978, set aside the referee's disallowance and ordered the referee to appoint an impartial physician to testify and make more specific findings of fact at a remand hearing. Petitioner's appeal challenges this action taken by the Board.

We are asked again to examine the availability of appeal to our Court from orders of the Board remand-

---

[1] We would note at this point that the Board's direction to make more specific findings of fact and its conclusion that the referee's findings were actually conclusions of law is without basis. More specific findings in this case could hardly be imagined.

[2] This represents the date of claimant's physician's report indicating total and permanent disability due to pneumoconiosis.

ing cases to a referee. Judge BLATT has recently reiterated the general rule that "an order of the Board remanding a case to a referee is interlocutory and an appeal to this Court from such an order will be quashed." *American Can Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 169, 171, 389 A.2d 263, 263-64 (1978). To this general rule, a number of exceptions have evolved as the Court in *American Can Co., supra,* observed:

> An appeal will not be quashed if the Board had no jurisdiction to remand because the appeal to it was not timely, Riley Stoker Corp. v. Workmen's Compensation Appeal Board, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), or if there could be no result other than that reached by the referee on the basis of the record, United Metal Fabricators, Inc. v. Zindash, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). We will also allow an appeal from a remand order where the Board's action is based on a clear error of law which would necessitate prolonged and frivolous proceedings. Flynn v. Asten Hill Manufacturing Co., 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978).

*Id.* at 171, 389 A.2d at 263-64.

Since we find the third exception noted in *American Can Co., supra,* determinative of the issue presented by this case we will not consider the remaining exceptions.

After closely examining this Court's opinion in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), also authored by Judge BLATT, it is apparent that the Board in this case committed a "clear error of law" in ordering a remand; the appeal by petitioner of that order is therefore

ripe for our consideration. It was held in *Forbes Pavilion, supra,* that the 1972 amendments[3] to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., had so significantly altered the Board's appellate authority that it was thenceforth precluded from ordering a remand in those cases where the findings of the referee are supported by competent evidence.

> [W]e are convinced that the General Assembly intended [by the 1972 amendments to the Act] to accord finality to a referee's determination and to establish the Board as merely a body of appellate review. . . . The General Assembly, we believe, has now divested the Board of its former power to make an independent determination of the facts.

18 Pa. Commonwealth Ct. at 356, 336 A.2d at 443-44.

That substantial, indeed overwhelming, competent evidence was presented to support the referee's determination in this case is obvious upon close examination of the record.[4] In this regard, the referee's sixth and crucial finding of fact merits reproduction at some length:

> 6. Based upon sufficient, competent and credible medical evidence of record in this case . . . your Referee finds as a fact that Claimant is not totally and permanently disabled from silicosis, anthraco-silicosis, coal worker's

---

[3] Act of February 8, 1972, P.L. (1955) 1120 and Act of March 29, 1972, P.L. 159.

[4] So weighty is the evidence in support of the referee's findings and meager the evidence tending to the contrary we might also have permitted this appeal on the basis that "no other conclusion could be supported but that of the Referee. . . ." *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 341, 301 A.2d 708, 710 (1973).

pneumoconiosis, or any other work related occupational disease. Further, your Referee further finds as a fact that Claimant is not partially disabled from said occupational diseases. Doctors Goldstone, Wald and Hannon found Claimant's spirometry tests normal. Dr. Goldstone testified even though Claimant has minimal coal worker's pneumoconiosis, Claimant is not disabled as a result of this condition. Dr. Wald found Claimant's lung fields are clear to percussion and auscultation, his chest x-ray is normal and he found no evidence of respiratory disease and in particular no evidence of pneumoconiosis. Dr. Hannon also concluded that Claimant is not suffering from an occupational disease of the chest.

On the basis of the foregoing evidence the referee concluded as a matter of law that "Claimant is not entitled to the benefits of The Pennsylvania Workmen's Compensation Act, as amended, because he is not partially or totally and permanently disabled from silicosis, anthraco-silicosis, coal worker's pneumoconiosis, or any other work related occupational disease. . . ."

We think it manifestly clear that the referee's findings of fact and conclusions of law are supported by substantial competent evidence making the Board's remand order for the taking of testimony from an impartial physician a "clear error of law."[5]

Accordingly, we will enter the following

### ORDER

AND Now, December 28, 1978, the order of the Workmen's Compensation Appeal Board, dated March

---

[5] See Inter-State Tile and Mantel Co., Inc. v. Workmen's Compensation Appeal Board, 39 Pa. Commonwealth Ct. 429, 395 A.2d 681 (1978).

15, 1978 at A-73770, is reversed; the order of the referee, dated July 25, 1977, dismissing the claim petition is reinstated and affirmed.