590 F.2d 1267
 NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, and Otha Ballard, Respondents.
 No. 78-1690.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Dec. 8, 1978.
Decided Dec. 29, 1978.
 
 Junius C. McElveen, Jr., Washington, D. C., for petitioner.
 Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Mark C. Walters, U. S. Department of Labor, Washington, D. C., and E. D. David, Newport News, Va., for respondents.
 Before WINTER, BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Newport News Shipbuilding and Dry Dock Company filed a petition to review an order of the Benefits Review Board of the Department of Labor which remanded the claim of Otha Ballard, an employee of Newport News, for further administrative proceedings. The government has moved for dismissal of the petition on the grounds that the Board's decision is not final and, consequently, not reviewable by this Court.
 
 
 2
 After conducting an evidentiary hearing, the administrative law judge found that Ballard sustained a low back injury on May 19, 1975, during the course of his employment at Newport News and was entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, Et seq. The administrative law judge awarded Ballard compensation for temporary total disability from May 20, 1975, through June 8, 1975, and from June 11, 1975, through November 2, 1975, and for a five percent permanent partial disability. The administrative law judge also ordered a penalty on all unpaid compensation pursuant to Section 14(e) of the Act, 33 U.S.C. § 914(e), interest and attorney fees.
 
 
 3
 On appeal, the Benefits Review Board rejected Newport News' contention that the injury did not occur at a jurisdictional situs under Section 3(a) of the Act, 33 U.S.C. § 903(a), and affirmed the temporary total disability award, penalty, interest and attorney fees. As to the five percent permanent partial disability award, the Board ruled that evidence supported the finding that disability may extend into the future. However, the administrative law judge had failed to calculate the extent of the disability as mandated by Section 8(c)(21) of the Act, 33 U.S.C. § 908(c)(21) and therefore, the Board vacated that portion of the award and remanded the case for further proceedings.
 
 
 4
 The Longshoremen's and Harbor Workers' Compensation Act provides that "(a)ny person adversely affected or aggrieved by a Final order " of the Benefits Review Board may invoke the jurisdiction of the appropriate Court of Appeals to review a decision of the Board, 33 U.S.C. § 921(c) (Supp.1972) (emphasis added). It is clear that the Act adheres to the "statutory concept of finality," Bohms v. Gardner, 381 F.2d 283, 285 (8th Cir. 1967), as the basis of our appellate jurisdiction. See also 28 U.S.C. § 1291. In judging the finality of an order, we have been admonished to use a "practical rather than a technical construction." Cohen v. Beneficial Industrial Loan Corp.,337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949).
 
 
 5
 While it has been determined that the claimant sustained a compensable injury and that Newport News is liable for compensation, the exact damage award has not been determined. Consequently, there is no final order. See Sun Shipbuilding and Dry Dock Co. v. Benefits Review Board, 535 F.2d 758 (3d Cir. 1976).
 
 
 6
 We do not agree with Newport News' assertion that setting a monetary figure for permanent partial disability is necessarily a ministerial act. Permanent disability awards compensate a claimant for a loss of earning capacity. The Act provides that where, as the Board indicated in this case, post-injury wages do not truly represent wage-earning capacity, that figure shall be reasonably fixed with "due regard to the nature of the injury, the degree of physical impairment . . . and any other factor . . . including the effect of disability as it may naturally extend into the future." 33 U.S.C. § 908(h). The fact that the administrative law judge who heard this claim interpreted similar orders from the Board as a direction to convert a percentage of wage-earning capacity into a dollar figure does not show conclusively either what he will do in the instant case or the posture in which the case will be if it comes to us again. His decision may be predictable, although he may reevaluate the loss in setting a figure for the claimant's permanent partial disability. But, whatever he does may or may not be altered by further review by the Benefits Review Board if Newport News takes a second administrative appeal.
 
 
 7
 We hold that the employer's petition for review is premature because the Board's order of remand is not a "final order" and thus is not reviewable under the provisions of 33 U.S.C. § 921(c). Accordingly, the respondent's motion is granted, and the petition for review is dismissed.
 
 
 8
 DISMISSED.