**NATIONAL STEEL AND SHIPBUILD-ING COMPANY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS and William D. McGregor, Respondents.**

No. 78–1788.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 1980.

Decided Aug. 11, 1980.

William H. Taylor, San Diego, Cal., for petitioner.

Mark Walters, Washington, D. C., argued for respondents; Stanley L. Levine, Domnitz & Prochazka, San Diego, Cal., on brief.

Before TUTTLE,* WALLACE and NELSON, Circuit Judges.

WALLACE, Circuit Judge:

National Steel and Shipbuilding Co. (National Steel) seeks review of this court of an order of the Benefits Review Board, United States Department of Labor (Board), affirming in part and reversing and remanding in part a disability benefits award made pursuant to the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 et seq. (1976). Because we find that the Board's order is not a "final order" within the meaning of 33 U.S.C. § 921(c), we find that we are without jurisdiction to hear this appeal.

On June 5, 1973, William D. McGregor, a National Steel employee, suffered an employment-related injury to his right eye. An administrative law judge found National Steel liable for the injury, awarding McGregor benefits for permanent disability and for temporary total disability from June 6, 1973 through June 15, 1973, and from June 23, 1973 through July 27, 1973 (periods during which McGregor missed work because of his injury). He also held National Steel liable for ten percent additional compensation, plus six percent interest, on all installments not paid to McGregor when due. In addition, although McGregor had not raised this issue, the administrative law judge awarded McGregor 30 percent temporary partial disability benefits for the period between June 5, 1973 and March 27, 1974 (the date when it was determined that McGregor's eye, unaided by corrective lenses, had deteriorated to the point of legal blindness).

The Board affirmed the awards of permanent disability, temporary total disability

during the weeks in June and July when McGregor missed work, and ten percent compensation and six percent interest on late installments. The Board reversed the administrative law ·judge's decision to award temporary partial disability for the period between June 5, 1973 and March 27, 1974, however, on the ground that this issue was decided without proper notice to the parties. The Board thus vacated the award of temporary partial disability and remanded the case to the Office of Administrative Law Judges for further consideration. National Steel then petitioned this court for review.

I

The Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 921(c) (1976), provides that "[a]ny person adversely affected or aggrieved by a *final order* of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred . . . ." *Id.* (emphasis supplied). Although none of the parties has raised the issue of whether the Board's action in this case constituted a "final order," it is our threshold duty to determine whether we have subject-matter jurisdiction of this petition for review. *Burkhart v. United States*, 210 F.2d 602, 605 (9th Cir. 1954). Accordingly, we must inquire whether National Steel has petitioned for review of a "final order."

II

The concept of finality is " 'the dominant rule in federal appellate practice.' " *Curlott v. Campbell*, 598 F.2d 1175, 1179 (9th Cir. 1979), *quoting DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 657, 7 L.Ed.2d 614 (1962). The "final order" requirement of 33 U.S.C. § 921(c) furthers the same policies as the finality rule embodied in 28 U.S.C. § 1291. *See Newport News Shipbuilding and Dry Dock Co. v. Director,*

* The Honorable Elbert P. Tuttle, Senior United States Circuit Judge, Fifth Judicial Circuit, sitting by designation.

*Office of Workers' Compensation Programs,* 590 F.2d 1267, 1268 (4th Cir. 1978) (per curiam). Although in some instances the particular requirements of an administrative review scheme may impose "special considerations" on the determination of finality that vary from the "classical jurisdictional requirements" applied to appeals from district courts, *Sun Shipbuilding and Dry Dock Co. v. Benefits Review Board,* 535 F.2d 758, 760 (3d Cir. 1976) (per curiam), *see Weinberger v. Salfi,* 422 U.S. 749, 764–67, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975), no such instance is presented here. In interpreting the finality requirement of 28 U.S.C. § 1291, we have held that a remand order is ordinarily not final and therefore not appealable. *Eluska v. Andrus,* 587 F.2d 996, 999 (9th Cir. 1978). We apply that rule to this case.

Our holding that the Board order before us is not a "final order" is consistent with rulings of our sister circuits. In *Newport News Shipbuilding and Dry Dock Co. v. Director, Office of Workers' Compensation Programs, supra,* the Fourth Circuit Court of Appeals held that a Board order, which affirmed the administrative law judge's award of temporary total disability but remanded the award of permanent disability for a calculation of a precise damage figure, was not a "final order" pursuant to 33 U.S.C. § 921(c) and hence not reviewable. 590 F.2d at 1268–69. The Third Circuit reached the same conclusion in *Sun Shipbuilding & Dry Dock Co. v. Benefits Review Board, supra,* 535 F.2d 758, where the Board had affirmed the administrative law judge's determinations with respect to liability, but had remanded for a redetermination of the seriousness of the injury and the amount of damages. *See also United Fruit Co. v. Director, Office of Workers' Compensation Programs,* 546 F.2d 1224, 1225 (5th Cir. 1977) (Board remand to administrative law judge for determination of nature and extent of claimant's disability and possible liability of second injury fund was not "final order").

In supplemental briefs requested by us, McGregor and National Steel state that there is little or no chance of success for McGregor's claim for temporary partial disability, and that McGregor does not intend to pursue this claim any further. But there is no evidence in the record to indicate that McGregor has actually abandoned his temporary partial disability claim. *See Wescott v. Impresas Armadoras, S. A.,* 564 F.2d 875, 880 (9th Cir. 1977). The observations in these briefs do not constitute an abandonment of the claim. At this point in the litigation the mandate of the Board's order is clear: an administrative law judge must hold a hearing on the temporary partial disability issue.

Nor does this petition for review qualify under any of the exceptions to finality requirements recognized by other courts. Clearly, the administrative law judge's ruling on this issue will not involve a purely ministerial act. *Cf. Hattersley v. Bollt,* 512 F.2d 209, 213 (3d Cir. 1975) (if practical effect of order is final, and only a ministerial act remains, then order is appealable under section 1291). The issue of McGregor's temporary partial disability from June 1973 through March 1974 is not collateral to the issues of permanent disability and temporary total disability during the period in June 1973 when McGregor missed work. *Cf. Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949) (certain collateral orders appealable under section 1291). The unresolved temporary partial disability issue depends heavily on yet undetermined facts. We thus cannot, as did the Supreme Court and the Court of Appeals in *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–54, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964), pass on a pure question of law and thus avoid "the danger of denying justice by delay." *Wescott v. Impresas Armadoras, S. A., supra,* 564 F.2d at 881.

We hold that the Board's order affirming in part and remanding in part is not a "final order" under the provisions of 33 U.S.C. § 921(c), and thus is premature. Accordingly, we dismiss without prejudice National Steel's petition for review.

PETITION DISMISSED.