DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, Petitioner,

v.

Albert BRODKA, Respondent.

No. 80–1753.

United States Court of Appeals, Third Circuit.

Submitted Nov. 6, 1980.

Decided March 13, 1981.

George Thompson, Hirsch, Weise & Tillman, Pittsburgh, Pa., for respondent.

Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Judith E. Wolf, Co-Counsel for Black Lung Benefits, Elaine Kaplan, U. S. Dept. of Labor, Washington, D. C., for the Director, Offc. of Workers' Compensation Programs.

Before ADAMS and SLOVITER, Circuit Judges, and BROTMAN,* District Judge.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

In this appeal, the Director, Office of Workers' Compensation Programs, asks us

* Hon. Stanley S. Brotman, United States District Judge for New Jersey, sitting by designation.

to determine whether the Benefits Review Board properly assessed a claimant's attorney's fees against the Black Lung Disability Trust Fund.[1] We need not reach the merits of this dispute because we find that the Board's order is not appealable and therefore dismiss the appeal.

On May 11, 1978 Albert Brodka filed a claim for disability benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–60 (1976 & Supp. III 1979). Thereafter, Brodka engaged George Thompson, an attorney, to represent him in this regard.[2] On September 4, 1979, pursuant to the requirements of 20 C.F.R. § 725.366(a) (1980), Brodka's attorney filed a fee petition for $736.60 in payment for his services. The requested fee was calculated on the basis of $100 per hour plus expenses. On September 19, 1979, the deputy commissioner issued an Award of Benefits.[3] In addition the deputy commissioner approved a legal fee for Brodka's attorney in the amount of $378.10 to be paid out of Brodka's benefits. This figure represented a reduction in the requested hourly fee from $100 to $50.

Brodka's attorney appealed the reduction in his fee to the Benefits Review Board pursuant to 33 U.S.C. § 921(b) (1976 & Supp. III 1979) and 20 C.F.R. §§ 725.366(e), 802.201(a) (1980). He argued that the Department of Labor had no regulatory, statutory, or constitutional authority to set fees between an attorney and his client. The Director, Office of Workers' Compensation Programs, in response, argued that the fee award should be vacated and remanded because of the attorney's alleged noncompliance with the regulations regarding fee petitions, 20 C.F.R. § 725.366(a) (1980), and because the inadequate explanation given by the deputy commissioner for the reduction of the attorney's hourly rate made it impossible for the Board to review the decision for abuse of discretion.

The Benefits Review Board held that there was constitutional, statutory and regulatory authority for the Department of Labor's procedures regarding attorney's fees; that the lack of rationale in the deputy commissioner's award of attorney's fees made review impossible and therefore made necessary a remand for a proper evaluation of the fee petition; and that a new fee petition should be submitted because the original fee petition did not comply with the regulations. Finally, reaching an issue not raised by the parties, the Board held that although there was no initial denial of benefits the attorney's fees should be assessed pursuant to 33 U.S.C. § 928 (1976) against the Black Lung Disability Trust Fund rather than be deducted from Brodka's benefits.[4] Accordingly, the Board vacated the Award of Benefits insofar as it approved $378.10 in attorney's fees and remanded the case to the deputy commissioner.[5] It is from the portion of the Board's order assessing attorney's fees against the Trust Fund that the Director appeals.

Before we can reach the merits we must determine whether we have subject matter

1. This appeal is presented *ex parte* because counsel for the claimant declined to submit a brief or present oral argument. No reason was assigned, but we note that the amount at issue appears not to exceed $736.60, the amount originally requested.

2. The record discloses that Brodka contacted an attorney to represent him at least as early as August 7, 1978. *See* App. 11.

3. Since Brodka's last coal mine employment was prior to January 1, 1970, liability for the payment of benefits was assessed against the Black Lung Disability Trust Fund. 30 U.S.C. § 934(a)(2) (Supp. III 1979).

4. The Board reasoned that a sufficient lapse of time without action between the filing of an application for benefits and the actual award may constitute a refusal to pay compensation within the meaning of 33 U.S.C. § 928(a), as incorporated into the Black Lung Benefits Act by 30 U.S.C. § 932(a). The Board held that the sixteen months between application and award in this case was sufficient delay to constitute refusal.

5. The Board directed that on remand the attorney's supplemented fee petition be served on the Director and that the Director be given an opportunity to respond to it before a new fee award was granted by the deputy commissioner.

jurisdiction to hear this appeal. Section 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a) (Supp. III 1979), incorporates selected provisions of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), as amended, 33 U.S.C. §§ 901–50 (1976 & Supp. III 1979). One of the provisions incorporated is section 21(c) of the LHWCA, 33 U.S.C. § 921(c) (1976), which provides that "[a]ny person adversely affected or aggrieved by a *final order* of the [Benefits Review] Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred . . . ." *Id.* (emphasis added). Therefore we must determine whether the Board's remand order is "final" within the meaning of § 921(c) even though the amount of attorney's fees remains to be ascertained.

The "final order" requirement of 33 U.S.C. § 921(c) furthers the same policies as the finality rule embodied in 28 U.S.C. § 1291 (1976). *See Sun Shipbuilding & Dry Dock Co. v. Benefits Review Board*, 535 F.2d 758, 760–61 (3d Cir. 1976); *National Steel and Shipbuilding Co. v. Director, Office of Workers' Compensation Programs*, 626 F.2d 106 (9th Cir. 1980). It is a well-established rule of appellate jurisdiction "that where liability has been decided but the extent of damage remains undetermined, there is no final order." *Sun Shipbuilding, supra*, 535 F.2d at 760. In *Sun Shipbuilding, supra,* we applied this "classical" finality rule to an appeal under § 921(c) and dismissed an appeal from a Board order which had affirmed an administrative law judge's determination of liability but had remanded for a redetermination of damages. *Sun Shipbuilding* is in accord with rulings in other circuits. *See Newport News Shipbuilding and Dry Dock Co. v. Director, Office of Workers' Compensation Programs*, 590 F.2d 1267 (4th Cir. 1978) (Board order affirming determination of temporary total disability but remanding award of permanent disability for calculation of damage not "final order" under § 921); *United Fruit Co. v. Director, Office of Workers' Compensation Programs*, 546 F.2d 1224 (5th Cir. 1977) (Board remand to administrative law judge for determination of nature and extent of claimant's disability and possible liability of second injury fund not a "final order").

■ Another well-established rule of appellate jurisdiction is that ordinarily a remand to an administrative agency is not a final order. *See, e. g., Marshall v. Celebrezze*, 351 F.2d 467 (3d Cir. 1965); *Whitehead v. Califano*, 596 F.2d 1315 (6th Cir. 1979); *Dalto v. Richardson*, 434 F.2d 1018 (2d Cir. 1970), *cert. denied*, 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971); *Bohms v. Gardner*, 381 F.2d 283 (8th Cir. 1967), *cert. denied*, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968). Thus in *National Steel and Shipbuilding Co. v. Director, Office of Workers' Compensation*, 626 F.2d 106, 108 (9th Cir. 1980), the court relied on this rule in dismissing an appeal from a Board order which had affirmed a finding of permanent disability but had vacated and remanded an award of temporary partial disability. *See also Universal Terminal and Stevedoring Corp. v. Norat*, 594 F.2d 855 (3d Cir. 1979), dismissing an appeal from a Board order, 7 BRBD 282 (1977), which had remanded the case to the deputy commissioner.

■ Here the Board has made a determination of liability for attorney's fees but has remanded the case to the deputy commissioner to determine the amount. Thus, application of either of the above settled rules of appellate jurisdiction requires dismissal of this appeal. As in *Sun Shipbuilding, application of these* "classical" finality rules here furthers the interests of administrative economy and judicial efficiency embodied in the policy against piecemeal appeals.

Nevertheless, the Director argues that this order should be excepted from the "classical" final order rule because it is an "order . . . determining substantial rights of the parties which will be irreparably lost

if review is delayed until final judgment." Appellant's Brief at 8 n.11. The Director's argument in support of this assertion is as follows:

> In this case, dismissal of the Director's appeal would effectively deny him the right to have the issue of Trust Fund liability considered by this Court at any future point in time. On remand, the deputy commissioner is bound to assess liability against the Trust Fund in accordance with the Board's order. Unless the amount of attorney fees awarded by the deputy commissioner is unsatisfactory to claimant, the case will not be appealed to the Benefits Review Board. The Director, Office of Workers' Compensation Programs, cannot appeal the decision of the deputy commissioner, since the deputy commissioner is an employee of the Office of Workers' Compensation Programs, and since both are represented by the Solicitor of Labor. *See* 20 C.F.R. § 725.350(b) and 20 C.F.R. § 725.362(a). Thus, there may be no future Board order incorporating the order under consideration herein, and, therefore, no route to appeal on the issue of Trust Fund liability.

Appellant's Brief at 8 n.11.

The Director's argument hinges on the assertion that because the deputy commissioner is an employee of the Office of Workers' Compensation Programs and because the deputy commissioner and Director are both represented by the Solicitor of Labor, the Director could not appeal the order of the deputy commissioner who, on remand, will set the amount of attorney's fees and, pursuant to the Board's order, assess them against the Trust Fund. Under the circumstances of the case, we find no merit in this argument. "[A]ny party" adversely affected by a decision or order issued pursuant to the Black Lung Benefits Act may appeal that decision to the Benefits Review Board. 20 C.F.R. § 802.201 (1980). *See also* 20 C.F.R. § 725.366(e) (1980) ("If a fee awarded by a deputy commissioner is disputed, such award shall be appealable directly to the Benefits Review Board.") The Director is clearly a party, 20 C.F.R. § 801.2(10) (1980); 20 C.F.R. § 725.-360(5) (1980); 20 C.F.R. § 725.482(b) (1980), and, as a fiduciary of the Trust Fund with the obligation to protest unjustified claims against it, *Gurule v. Director, Office of Workers' Compensation Programs*, 11 BRBD 664, 673 (1979), will be adversely affected by the award of fees against the Fund on remand. *Cf. Monaghan v. Portland Stevedoring Co.*, 11 BRBD 190 (1979); *Brown v. Director, Office of Workers' Compensation Programs*, 10 BRBD 583 (1979). Thus the regulations authorize the Director to appeal orders of the deputy commissioner to the Board. Any decision of the Board on appeal from the remanded order would implicitly incorporate the Board's prior determination of the Fund's liability for attorney's fees. The judgment would then be final and could be appealed to this court.[6] See *Sun Shipbuilding, supra*, 535 F.2d at 761 n.10. We see no barrier to the Director's appeal of an order of the deputy commissioner arising from the circumstance that both are represented by the Solicitor of Labor. The deputy commissioner will not be an adverse party in that appeal any more than the Benefits Review Board— which is also generally represented in court proceedings by attorneys designated by the Solicitor of Labor, 20 C.F.R. § 801.402 (1980)—is an adverse party in this appeal. The party adverse to the Director in any future appeal will be the claimant. The

---

**6.** We need not decide at this time the procedure to be followed to perfect an appeal to this court following the decision of the deputy commissioner on remand. We note that when we were presented with an appeal from an order of the Benefits Review Board which had remanded the calculation of the exact amount of benefits to the ALJ, we treated that order as final because the ALJ's calculation had been made by the time we considered the petition. *Sea-Land Service, Inc. v. Director, Office of Workers' Compensation Programs*, 540 F.2d 629, 631 n.1 (3d Cir. 1976). *See also United Fruit Co. v. Director, Office of Workers' Compensation Programs*, 546 F.2d 1224, 1225 (5th Cir. 1977).

regulation as to representation cited by the Director provides that the interests of the Secretary of Labor "shall be represented by the Solicitor of Labor *or his or her designee . . . .*" 20 C.F.R. § 725.362 (1980) (emphasis added). Presumably, the regulation permits the Solicitor to appoint special counsel to represent either the Director or the deputy commissioner if a conflict did in ·fact exist. Finally, we note that, in the instant case, the Director took a position adverse to the deputy commissioner when the Director argued before the Board that the deputy commissioner's order for attorney's fees should be vacated and remanded because the deputy commissioner failed to explain adequately why he reduced the attorney's fee award. The fact that the Director saw no conflict in challenging the actions of the deputy commissioner at that time indicates that no such conflict exists.[7] Thus, where, as here, the deputy commissioner is obliged to enter a decision contrary to the Director's interest pursuant to a Board order, we see no bar to a subsequent appeal by the Director.[8]

Since the Director has not shown that a departure from "classical" finality rules is justified in the present case[9] the appeal will be dismissed for want of jurisdiction.

---

7. The deputy commissioner is the official responsible for making the initial administrative determination of a claim for benefits. 20 C.F.R. § 725.410(a) (1980). The proposed decision and order of the deputy commissioner will become final unless a party requests a revision of the order or a hearing before an administrative law judge. 20 C.F.R. § 725.419 (1980). If the benefits will come from the Black Lung Disability Trust Fund rather than from a responsible employer, Department of Labor lawyers will appear against the claimant which, in the event the deputy commissioner has recommended payment, pits those lawyers against the deputy commissioner. *See generally* Kilcullen, *Benefits Under The Federal Black Lung Program,* 26 Prac.Law 71, 74–75 (June 1, 1980).

8. We also note that in the instant case (and in others like it, *see Thomas v. Director, Office of Workers' Compensation Programs,* BRB Nos. 77–688, 79–162, Board Order, dated September 27, 1979), because the Director represents the Trust Fund, the Board directed Brodka's attorney to serve his new fee petition on the Director and ordered that the Director be given an opportunity to respond to it before a new

fee award may be granted by the deputy commissioner. Presumably, this procedure is available so that the Director can argue before the deputy commissioner that the requested fee is too high. The availability of this procedure is a further indication that where, as here, the liability of the Trust Fund is at issue, the interests of the Director and deputy commissioner may not be coterminous.

9. The Director does not argue that any other specific exception to the final order rule is applicable here. We believe that the traditional exceptions are inapplicable; the issue of liability is not appealable as a collateral matter, *see Sun Shipbuilding, supra;* the determination of the amount of attorney's fees will not involve "a purely ministerial function," *Sea-Land Service, Inc. v. Director, Office of Workers' Compensation Programs,* 540 F.2d 629, 631 n.1 (3d Cir. 1976); and no irreparable harm has been shown that would warrant judicial intervention prior to completion of the administrative process. *Sun Shipbuilding, supra.*