824 F.2d 94
 262 U.S.App.D.C. 367
 WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
Department of Labor, Respondents,
Lee C. Ashcraft, et al., Intervenors.
 No. 86-1343.
 United States Court of Appeals,
District of Columbia Circuit.
 July 28, 1987.
 
 Petition for Review of an Order of the Benefits Review Board.
 Donald S. Shire and Joshua T. Gillelan, II, Washington, D.C., were on respondents' motion to dismiss.
 Edward Greensfelder, Jr. and Marc D. Joseph, Washington, D.C., were on intervenors' motion to dismiss.
 Richard W. Turner, Washington, D.C., was on petitioner's opposition to motions to dismiss.
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 Opinion for the Court PER CURIAM.
 
 PER CURIAM:
 
 1
 Petitioner Washington Metropolitan Area Transit Authority (WMATA) seeks review of a decision by the U.S. Department of Labor Benefits Review Board (Board). This court has jurisdiction to review final orders of the Board in cases where the injury occurred in this circuit. 33 U.S.C. Sec. 921(c) (1982 & Supp. III 1985), made applicable by the District of Columbia Workmen's Compensation Act, D.C.Code Ann. Sec. 36-501 (1973) (repealed 1980). For the reasons set forth below, we dismiss the petition for review.
 
 
 2
 In 1977, while employed as a bus driver for WMATA, respondent Quinn was involved in a collision between an automobile and petitioner's bus. Quinn sustained back injuries as a result of the accident. WMATA paid Quinn $8,174.02 in temporary total disability benefits. Quinn sought compensation from the driver of the automobile with which his bus collided. In 1981, Quinn settled his claim against the automobile driver. WMATA was reimbursed for the $8,000-plus disability payment out of the settlement proceeds.
 
 
 3
 On April 21, 1981, Quinn, while still employed by WMATA, had to leave his job because he was experiencing back pain. Quinn did not return to his job as a bus driver. He filed a claim for additional benefits for both temporary total disability and for medical expenses from WMATA. WMATA refused further payment. Subsequently, Quinn sought these benefits before an Administrative Law Judge (ALJ) of the U.S. Department of Labor.
 
 
 4
 The ALJ found that Quinn was entitled to the medical benefits. As to temporary total disability benefits, however, the ALJ concluded that Quinn was barred from receiving compensation under section 933(g) of the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. Sec. 933(g) (1982 & Supp. III 1985).
 
 
 5
 Section 933(g) requires that a "person entitled to compensation" obtain written approval of a settlement agreement from his employer before entering into the agreement. The ALJ decided that, because Quinn did not obtain written approval of the settlement amount from WMATA, section 933(g) relieved WMATA of the obligation to pay additional disability amounts.
 
 
 6
 The Board reversed the ALJ's determination as to section 933(g). According to the Board, Quinn was not a "person entitled to compensation" at the time he entered into the settlement agreement. Hence, the Board found that section 933(g) did not apply and Quinn was not required to get WMATA's consent to settlement. The Board remanded the case to the ALJ for further fact-finding and a determination of damages.
 
 
 7
 WMATA has appealed from the Board decision remanding the case to the ALJ. Quinn's counsel in the ALJ and Board proceedings have been granted leave to intervene. The respondent and the intervenors have moved this court to dismiss the petition on the ground that the Board order is not final and is, therefore, unreviewable at this time.
 
 
 8
 In its motion, respondent argues that a Board remand order is not a "final order" under 33 U.S.C. Sec. 921(c). The intervenors provide authority from six of our sister Courts of Appeals to support their position. See Intervenors' Motion to Dismiss at 4-5; see also Midland Insurance Co. v. Adam, 781 F.2d 526 (6th Cir.1985); Freeman United Coal Mining Co. v. Director, Office of Workers Compensation Programs, 721 F.2d 629, 630 (7th Cir.1983) (citing cases from the Third, Fourth, Fifth and Ninth Circuits for this proposition); see, e.g., Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed.Cir.1986). Collectively, those Circuit Court opinions weigh heavily against appellate review of Board decisions to remand a case to an administrative law judge for a calculation of damages.
 
 
 9
 Petitioner notes that, while in the instant case the Board did remand for a determination of damages, the Board also decided that petitioner could not invoke section 933(g) as a bar to paying certain workers' compensation. Petitioner maintains that, under the collateral order doctrine of Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the part of the decision regarding section 933(g) is final and reviewable.
 
 
 10
 Our sister circuits have rejected the position that Board orders remanding a case to an ALJ for a damages determination are appealable under Cohen. See National Steel & Shipbuilding Co. v. Director, Office of Workers' Compensation Programs, 626 F.2d 106, 108 (9th Cir.1980); Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Compensation Programs, 590 F.2d 1267, 1268 (4th Cir.1978); see also Downs v. Director, Office of Workers' Compensation Programs, 803 F.2d 193, 196 n. 5 (5th Cir.1986) (explaining that circuit's rejection of a "pragmatic finality" exception to the bar against appellate review of Board remand orders). Review of part of the Board decision at this time would engage us in the very piecemeal review that the final order requirement is intended to preclude. See Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399, 405 (5th Cir.), cert. denied, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984). While part of the Board order conclusively determined that section 933(g) was not applicable, the issue does relate to the compensation award. Interrupting the administrative process to review a portion of the Board's decision would be contrary to the purpose of section 921(c).
 
 
 11
 Therefore, we join our sister circuits and hold that Board decisions that remand cases to an ALJ for a determination of damages are not final orders. The motion to dismiss is granted.