871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arline McROY (Widow of John W. McRoy), Petitioner,
v.
PEABODY COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 89-3097.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner seeks review of an order of the Benefits Review Board (Board) vacating the award of black lung disability benefits and remanding the case to an Administrative Law Judge (ALJ) for a de novo review. The respondents-employers now move to dismiss the appeal without prejudice on the grounds that the order is not a final appealable order under 33 U.S.C. Sec. 921(c). The petitioner opposes this motion.
 
 
 2
 The original ALJ in this case held a hearing and denied disability benefits. On appeal, the Board remanded the case for further proceedings. The case was assigned to a second ALJ who reversed and awarded benefits. The respondent-employers appealed to the Board on the grounds of due process violations based on failure to notify the parties of the reassignment. The Board vacated and remanded for a de novo hearing. The present petition followed.
 
 
 3
 The Court lacks jurisdiction in this appeal. We have held that ordinarily an order of remand for further administrative proceedings is not a final order immediately appealable to this Court. Canada Coal Co. v. Stiltner, Nos. 87-3743, 87-3744, 87-3972, slip op. at 6 (6th Cir. Jan. 17, 1989) (quoting Director, OWCP v. Brodka, 643 F.2d 159, 161 (6th Cir.1981)). The petitioner asserts however, that his appeal falls within the collateral order exception enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 463 (1978). We disagree. In order to meet the requirements for the collateral order exception, an appellant must show the applicability of all three prongs of the Supreme Court's test in Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1136-37 (1988). In this case, for example, the petitioner must show inter alia that the order sought to be appealed cannot be reviewed at a later date. Id. We conclude that the petitioner did not show this. Therefore,
 
 
 4
 It is ORDERED that the motion to dismiss is granted.