Robert L. WARNER, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,

Dupont West Medical Center

and

State Farm Fire and Casualty Company, Intervenor.

No. 90–138.

District of Columbia Court of Appeals.

Argued Jan. 2, 1991.

Decided March 22, 1991.

---

Jeffrey V. Nackley, Washington, D.C., for petitioner.

John Payton, Acting Corp. Counsel, Charles L. Reischel, Washington, D.C., Deputy Corp. Counsel, and Martin B. White, Chevy Chase, Md., Asst. Corp. Counsel, were on the brief for respondent.

Karen I. Kerr, Bethesda, Md., for intervenors.

Before ROGERS, Chief Judge, SCHWELB, Associate Judge, and GALLAGHER, Senior Judge.

ROGERS, Chief Judge:

Petitioner, Robert F. Warner, is seeking review of an order of the District of Columbia Department of Employment Services ("Agency") affirming the denial of workers' compensation benefits under the District of Columbia Workers' Compensation Act of 1979 ("Compensation Act" or "Act"), D.C.Code §§ 36–301 to –345 (1988), and remanding his retaliatory discharge claim under the Act for further findings. We hold that the order is not a final order reviewable under D.C.Code § 1–1510(a) (1987) and D.C.Code § 36–322(b)(3) (1988). Therefore, the court lacks subject matter jurisdiction, and the petition for review must be denied.

I.

Warner was employed by the Dupont West Medical Center as an administrator. As a result of an assault on the night of February 16, 1988, at the Medical Center's offices, he was hospitalized until May 16, 1988. Subsequently, he filed two claims with the Agency: a claim for compensation benefits on account of his injury, and a claim of retaliatory discharge seeking reinstatement, back pay and the assessment of fines under D.C.Code § 36–342 (1988).

The Hearing Examiner denied Warner's compensation claim on the ground that his injuries did not arise out of, nor occur in the course of his employment. Having disposed of the issue of compensable injury, the Hearing Examiner concluded that it was unnecessary to reach the merits of the retaliatory discharge claim. On appeal, the

Director, on January 18, 1990, adopted the findings and conclusions of the Hearing Examiner on the compensation claim, but ruled that because the compensation claim and the retaliatory discharge claim involved separate and distinct inquiries, the Hearing Examiner should have addressed the retaliatory discharge claim even though Warner's compensation claim was denied. The Director remanded the case to the Hearing Examiner for further findings and conclusions of law on the retaliatory discharge claim.

## II.

As a result of a sua sponte inquiry by the court at oral argument regarding the finality of the Director's order of January 18, 1990, *see Customers Parking, Inc. v. District of Columbia*, 562 A.2d 651, 654 (D.C.1989); *In re Estate of Dapolito*, 331 A.2d 327, 328 (D.C.1975), the parties filed supplemental memoranda. Having reviewed those memoranda, we conclude that the petition for review must be denied for lack of a final agency order.

■ ⟍As a general matter, this court has jurisdiction to review only agency orders or decisions that are final. D.C.Code § 1–1510 (1987). The term order is defined as "the whole or any part of the *final disposition* ... of any agency in any matter...." D.C.Code § 1–1502(11) (1987) (emphasis added); *see Capitol Hill Restoration Soc'y v. Zoning Comm'n*, 287 A.2d 101, 106 n. 18 (D.C.1972). Under the Compensation Act "any party in interest who is adversely affected or aggrieved by a *final decision* rendered after review of a compensation order ... may petition for review of such decision or order by the District of Columbia Court of Appeals." D.C.Code § 36–322(b)(3) (D.C.1988) (emphasis added); *see* 7 DCMR § 230.13 (1986).

■ Ordinarily an order remanding the case to an administrative agency is not a final order. *Washington Metro. Area Transit Auth. v. Director, Office of Workers' Compensation Programs*, 262 U.S. App.D.C. 367, 369, 824 F.2d 94, 96 (1987) (remand for determination of damages not a final order); *Director, Office of Workers' Compensation Programs v. Brodka*, 643 F.2d 159, 163 (3d Cir.1981) (remand for determination of amount of attorney's fees where liability is already established is not a final order); *National Steel and Shipbuilding Co. v. Director, Office of Workers' Compensation Programs*, 626 F.2d 106, 108 (9th Cir.1980) (order affirming award of permanent disability, but remanding on ′issue of temporary disability not a final order); *Newport News Shipbuilding and Dry Dock Co. v. Director, Office of Workers' Compensation Programs*, 590 F.2d 1267, 1268–69 (4th Cir.1978) (order affirming award of temporary total disability and remanding award of permanent disability is not a final order).[1] Several exceptions to the finality requirement have been recognized. "[I]f nothing more than a ministerial act remains to be done, ... the [order] is regarded as concluding the case and is immediately reviewable." *District of Columbia v. Tschudin*, 390 A.2d 986, 988 (D.C.1978) (quoting *Republic Natural Gas Co. v. Oklahoma*, 334 U.S. 62, 68, 68 S.Ct. 972, 976, 92 L.Ed. 1212 (1948)). And, if the agency has committed a clear error of law in ordering a remand, *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Bd.*, 39 Pa.Cmwlth. 442, 443–45, 404 A.2d 1360, 1361 (1978), or the petition involves collateral matters, then a remand order may be immediately reviewable.[2] *Brodka, supra*, 643 F.2d at 163 n. 9; *National Steel & Shipbuilding Co., supra*, 626 F.2d at 108. Further, a remand order may be reviewed if "irreparable harm has been shown that would warrant judicial intervention prior to the completion of the

---

1. The court has relied on federal cases interpreting identical provisions of the Longshoreman's and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq.* (1988), as persuasive authority. *See Grayson v. District of Columbia Dep't of Employment Servs.*, 516 A.2d 909, 911 n. 2 (D.C. 1986).

2. In *Bethlehem Mines Corp., supra*, the court also noted that appeals will not be quashed if the agency is without jurisdiction to remand because the appeal is untimely, or if no other result could have been reached on the record. 39 Pa.Cmwlth. at 443–45, 404 A.2d at 1361.

administrative process." *Brodka, supra,* 643 F.2d at 163 n. 9.

▮▮▮ The Director's order of January 18, 1990, was captioned a "remand order," and it stated that the "case" was remanded to the Hearing Examiner to make findings on the retaliation claim. The remand order did not decide both claims, only the compensation claim. Thus the whole subject matter arising from Warner's injury has not been decided, and there has been no final order. Furthermore, Warner has not attempted to invoke any of the exceptions to the finality requirement. Because of the Director's determination that the Hearing Examiner erroneously concluded that she did not have to reach the retaliatory discharge claim, more than a ministerial act remains to be done by the Hearing Examiner; the Director's remand order directs the Examiner to make factual findings and con-

clusions of law on Warner's second claim. Finally, Warner makes no claim of irreparable harm or clear error of law that would overcome the interests of judicial economy and efficiency in avoiding piecemeal appeals, *see, e.g., Brodka, supra,* 643 F.2d at 161–62 (substantial rights lost if review delayed), and the cases on which he relies are inapposite.[3]

Accordingly, the petition for review is denied and the case is remanded to the Agency for proceedings in accord with the Director's remand order.[4]

---

3. *Grillo v. National Bank of Washington, Inc.,* 540 A.2d 743, 750 (D.C.1988), did not involve the issue of finality of agency action; the exception noted to the doctrine of exhaustion of administrative remedies in *Capitol Hill Restoration Soc'y, supra,* 287 A.2d at 106, was limited to circumstances in which an agency violates constitutional or statutory rights, and no such claim is made by Warner.

4. Given the delay to date, it is to be hoped that the remand proceedings can be promptly concluded so that Warner can promptly pursue his rights to judicial review.