**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Petitioner,**

v.

**Eugene L. BEYNUM and Director, Office of Workers' Compensation Programs, Respondents.**

**No. 97–1008.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 15, 1997.

Decided June 5, 1998.

Michael D. Dobbs, argued the cause for petitioner. With him on the briefs were Charles P. Monroe and Erik C.J. Anderson.

John G. Harnishfeger, argued the cause for respondent Beynum. Eric M. May was on the brief.

Samuel J. Oshinsky, filed the brief for respondent Director, Office of Workers' Compensation Programs. With him on the brief was Carol A. De Deo.

Before: WILLIAMS and RANDOLPH, Circuit Judges, and BUCKLEY, Senior Circuit Judge.

PER CURIAM:

This petition for review of an order of the Benefits Review Board, brought by the Washington Metropolitan Area Transit Authority (WMATA), raises a preliminary question relating to our jurisdiction. The question deals with the effect of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321, on the adjudication of a claim arising under the District of Columbia Workmen's Compensation Act of 1928, D.C.CODE § 36–501 *et seq.* The Appropriations Act provides, in relevant part, that no funds "may be used

by the Secretary of Labor after September 12, 1996, to review a decision under the Longshore and Harbor Workers' Compensation Act (33 U.S.C. 901 *et seq.*) that has been appealed and that has been pending before the Benefits Review Board for more than 12 months." Pub.L. No. 104–134, 110 Stat. 1321, 1321–219. The Act further provides that any decision pending review for more than one year and not acted on by September 12, 1996, is considered affirmed as of that date for purposes of obtaining appellate review. *Id.*

■ On May 4, 1995, Eugene L. Beynum, a WMATA employee, sought Board review of an administrative law judge's decision that he had not established a change in his condition entitling him to permanent total disability benefits. The Board finally decided the matter on December 10, 1996, by which time the appeal had been pending for approximately 19 months. The Board's order remanded the case to the ALJ. If the Appropriations Act applies, the final decision we have before us is the ALJ's decision, summarily affirmed by operation of law on September 12, 1996. On the other hand, if the Appropriations Act does not apply, we have no final decision and hence no jurisdiction—a Board decision to remand is not a final order within the meaning of 33 U.S.C. § 921(c).

History helps explain the interaction between the Appropriations Act and D.C. workers' compensation law. In 1928 Congress, acting in its capacity as legislature for the District of Columbia, enacted the District of Columbia Workmen's Compensation Act. Having no substantive provisions of its own, the 1928 Act incorporated by reference the provisions of what was then entitled the Longshoremen's and Harbor Workers' Compensation Act, "including all amendments that may hereafter be made thereto." Fifty years later, after the District had been granted home rule, the City Council passed the District of Columbia Workers' Compensation Act of 1979. *See* D.C.CODE ANN. § 36–301 *et seq.* The 1979 Act, which expressly repealed the earlier law, went into effect July 26, 1982. For employees whose injuries occurred before this date, the 1928 Act is kept alive by the General Savings Statute, 1 U.S.C. § 109.

See *Keener v. WMATA,* 800 F.2d 1173, 1175 (D.C.Cir.1986). Beynum, who suffered a work-related injury on December 29, 1978, resulting in his partial permanent disability, falls into this category.

We have confronted this situation, or one very analogous, once before. *Keener v. WMATA* considered the effect of the Longshore and Harbor Workers' Compensation Act Amendments of 1984 on claims arising under the 1928 Act. Following the lead of the District of Columbia Court of Appeals in *O'Connell v. Maryland Steel Erectors, Inc.,* 495 A.2d 1134 (D.C.1985), we concluded that, "as the repeal of the 1928 Act had the effect of severing the application of the Longshoremen's Act to the District of Columbia in 1982, the subsequent 1984 amendments were without effect on the law of the District." 800 F.2d at 1175. Once an act has been repealed, it may no longer be amended—at least not by the cross-reference system established by the 1928 Act and mooted by the 1979 Act. This is despite its continued existence in "a state of suspended animation" for the purpose of preserving the rights and liabilities created under it. *Id.* at 1177.

 While *Keener* holds that amendments to the Longshore and Harbor Workers' Compensation Act do not affect claims arising under the now-repealed D.C. law, the question remains whether the Appropriations Act is such an amendment. We believe it is, although it is not labeled as such. The Appropriations Act addresses the finality of decisions under the Longshore Act, thus altering its provisions. That the alteration occurred in appropriations legislation is of no moment. "Congress ... may amend substantive law in an appropriations statute, as long as it does so clearly." *Robertson v. Seattle Audubon Soc'y,* 503 U.S. 429, 440, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992); *see also American Fed'n of Gov't Employees, AFL–CIO v. Campbell,* 659 F.2d 157, 161 (D.C.Cir.1980).

Still, one might reason that Congress wanted to include claims decisions issued under the repealed 1928 D.C. law because it did not specifically exclude them from the reach of the Appropriations Act, as it did for "any decision issued under the Black Lung Bene-

fits Act." Pub.L. No. 104–134, 110 Stat. 1321–219. (The Black Lung Benefits Act, like the 1928 law, adopts many of the Longshore Act's provisions.) A similar argument was made in *O'Connell.* The court's response, we believe, is conclusive: "The short answer to this contention is that there was no occasion for Congress to exclude expressly from the application of provisions of the new law any statute already repealed." 495 A.2d at 1144.

 For all of these reasons, we hold that the Appropriations Act is without effect on the operation of the 1928 law or the adjudication of claims arising under it. The Board had jurisdiction to decide Beynum's appeal even though it had been pending for more than one year. Since the Board's order remanded the case to the ALJ for further consideration, it is not appealable. Under 33 U.S.C. § 921(c), judicial review may be had only of final orders. A Board order remanding the claim to an ALJ is not in that category. *See WMATA· v. Director, OWCP,* 824 F.2d 94 (D.C.Cir.1987); *see also Director, OWCP v. Bath Iron Works Corp.,* 853 F.2d 11 (1st Cir.1988); *Newpark Shipbuilding & Repair v. Roundtree,* 723 F.2d 399 (5th Cir. 1984); *Director, OWCP v. Brodka,* 643 F.2d 159 (3d Cir.1981). Accordingly, we dismiss the petition for want of jurisdiction.

*So ordered.*