Mary M. SIMMONS, Widow of Pearlie Simmons, Deceased

v.

Nicolas ANDRUZZI, Deputy Commissioner, United States Employees' Compensation Commission, Third Compensation District.

Civ. A. No. 32205.

United States District Court
E. D. Pennsylvania.

Aug. 29, 1963.

Charles Sovel, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, and Graeme Murdoch, Philadelphia, Pa., for defendant.

BODY, District Judge.

This action is an appeal from a denial of compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The plaintiff claims that the death of her husband resulted from injuries sustained during performance of duties in covered employment.

The plaintiff claims, inter alia, that the findings of Deputy Commissioner Andruzzi do not meet the required degree of specificity under the Administrative Procedure Act, 5 U.S.C.A. § 1007(b) which states:

"All decisions * * * shall become part of the record and include a statement of (1) findings and conclusions, as well as the reasons or basis therefor, *upon all the material issues of fact*, law, or discretion presented on the record; and (2) the appropriate rule, order, sanction, re- lief, or denial thereof." (Emphasis supplied)

The decision of the Deputy Commissioner states that " * * * the employee died in consequence of generalized peritonitis, mesenteric embolus and arteriosclerotic heart disease" and "That the death of the deceased * * * was not causally related to his injury * *."

At the hearing the testimony sharply conflicted on the issue of causation. It appears that there is no dispute that there was an accidental injury in the course of employment and compensation was paid therefor. The conflict arises from the fact that claimant's decedent died, as the findings show, from several causes. Since the Commissioner found several causes led to the death and some of these may or may not be related to the original injury, it is necessary to know which one or ones, if any, were causally connected to the original injury. Until this is determined this Court cannot rule whether as a matter of law the death was compensable.

At any rate, in a case where the cause of death is the ultimate issue and the sources found to be causative in some unstated degree are merely listed without any specific finding as to which causes were related to a covered injury, a Court has no findings at all on which it may base a decision on the law. LeBlanc v. Henderson, 264 F.2d 946 (5th Cir., 1959); Dixie Sand and Gravel Corp. v. Holland, 255 F.2d 304 (6th Cir., 1958).

The final decision cannot be made until the facts necessary to such a decision are established, for it is essential to determine if the death was or was not hastened to a significant degree by the accident. Southern Stevedoring Company v. Henderson, 175 F.2d 863 (5th Cir., 1949).

ORDER

And now, this twenty-ninth day of August, 1963, in accordance with the foregoing opinion it is ordered that the case be remanded to Deputy Commissioner Andruzzi for further findings of fact upon the issue of causation as discussed in the foregoing opinion.