**GULFPORT SHIPBUILDING CORPORA-TION and Texas Employers' Insurance Association, Appellants,**

v.

**Maxime VALLOT et al., Appellee.**

**No. 20764.**

United States Court of Appeals Fifth Circuit.

July 21, 1964.

Rehearing Denied Sept. 24, 1964.

Carl O. Bue, Jr., Ben L. Reynolds, Houston, Tex., Royston, Rayzor & Cook, Houston, Tex., of counsel, for appellants.

David J. McCarthy, Jr., Alan S. Rosenthal, Richard S. Salzman, Attys., Dept. of Justice, Washington, D. C., Alto V. Watson, Beaumont, Tex., for appellee.

Before HUTCHESON, PRETTYMAN * and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellee, Maxime Vallot, had been a longshoreman in the employ of the ap-

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

1. "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred un-

pellant, Gulfport Shipbuilding Corporation. During such employment, on September 6, 1957, Vallot sustained an injury while working as an apprentice welder on the SS KERMAC. As a result of the injury, Vallot was paid compensation for five weeks, the last payment being on December 4, 1957. On June 17, 1958, the Deputy Commissioner of the Labor Department's Bureau of Employees Compensation sent Vallot a notice which stated, among other things the date of injury, the period for which compensation had been paid, and that Vallot had returned to work. The notice concluded with the following:

"If the facts in your case are as indicated above, you have received the amount of compensation payment to which you are entitled under the law, and the case will be closed in the files of this office.

"If the facts are not as indicated above, kindly advise this office by personal call or letter WITHIN TEN DAYS as to the actual facts, and your case will have further investigation.

"The right to compensation for disability is barred unless claim therefor is filed within one year after the injury or within one year after the date of the last payment of compensation, and any application for review of a compensation case must be filed with the Deputy Commissioner within one year after the date of the last payment of compensation or within one year after rejection of a claim."

The one-year limitation to which reference is made in the notice is prescribed by Section 13(a) of the Longshoremen's and Harbor Workers' Compensation Act.[1] The Deputy Commissioner re-

less a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death the claim may be filed within one year after the date of the last payment." 33 U.S.C.A. § 913(a).

ceived from Vallot a response dated June 20, 1958, in these words:

"In your last letter that I received from you stated that I was paid from Sept. 9–57 to Dec. 3–57. I would like to correct this error because I received only four checks. The first one was for two weeks which was $106, and the other three were for $53 a week. This is the only money that I have received from the insurance.

"I would also like to correct the error that said that I had returned to work on full earning power. I have worked in that period for only a few days, and I have been laid off from that company since the accident.

"I am still having trouble with the injured nerve in my neck that I received from the accident."

A formal claim was filed on March 13, 1962. The Deputy Commissioner held a hearing on Vallot's request for additional compensation and took testimony with respect to whether he was injured. Without passing on the merits of the claim, the Deputy Commissioner, by an order dated September 25, 1962, rejected it because it was not timely filed. In so doing the Deputy Commissioner held that the letter of June 20, 1958, did not meet statutory requirements to constitute a claim, and that the formal claim of March 16, 1962, was not timely filed. Vallot instituted an action against the employer, its compensation insurance carrier, and the Deputy Commissioner, seeking injunctive relief under the statute [2] to set aside the Deputy Commissioner's order and to direct that an award of further compensation be entered. The employer and the insurer joined issue with Vallot by appropriate pleadings. Motions for summary judgment were filed by both plaintiff and defendants. The Deputy Commissioner initially joined in the plaintiff's motion. Thereafter, by leave of court, the Deputy Commissioner withdrew his concurrence in the plaintiff's motion and represented that a mistake had been made in the holding that the letter of June 20, 1958, did not constitute a valid claim which was timely filed. The court, by its order, denied both motions for summary judgment and in the order it was provided that this cause be remanded to the Deputy Commissioner "for further consideration." The employer and insurer direct a notice of appeal to this order, contending for the correctness of the ruling of the Deputy Commissioner that Vallot's claim was barred by limitations.

■■ The district court may, and in a proper case it must, remand a claim under the Longshoremen's and Harbor Workers' Compensation Act to the Deputy Commissioner for his further action. Le Blanc v. Henderson, 5th Cir. 1959, 264 F.2d 946. Cf. Simmons v. Andruzzi, D.C., E.D.Pa., 222 F.Supp. 803. This being so there is no final and appealable judgment which is subject to review by this Court. 28 U.S.C.A. § 1291. The appeal is

Dismissed.