Mary M. SIMMONS, Widow of Pearlie Simmons, Deceased

v.

Nicolas ANDRUZZI, Deputy Commissioner, United States Employees' Compensation Commission, Third Compensation District.

Civ. A. No. 32205.

United States District Court
E. D. Pennsylvania.

Dec. 9, 1964.

Charles Sovel and Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., and Francis R. Crumlish, Asst. U. S. Atty., Philadelphia, Pa., and Charles Donahue, Sol. of Labor, Alfred H. Myers, Atty., Dept. of Labor, for defendant.

BODY, District Judge.

On August 29, 1963, 222 F.Supp. 803, it was ordered that Nicolas Andruzzi, Deputy Commissioner, United States Employees' Compensation Commission, Third Compensation District, make further findings of fact upon the issue of causation in the death of Pearlie Simmons. These supplemental findings of fact were filed on May 12, 1964 and argued before this Court on September 15, 1964.

The initial action arose on an appeal from a denial of compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The plaintiff claimed that the death of her husband resulted from injuries sustained during performance of duties in covered employment.

The plaintiff claimed, inter alia, that the findings of Deputy Commissioner Andruzzi did not meet the required degree of specificity under the Administrative Procedure Act, 5 U.S.C.A. § 1007(b), which states:

"All decisions * * * shall become part of the record and include a statement of (1) findings and conclusions, as well as the reasons or basis therefor, *upon all the material issues of fact,* law, or discretion presented on the record; and (2) the appropriate rule, order, sanction, relief, or denial thereof." (Emphasis supplied)

The first finding of the Deputy Commissioner stated that " * * * the employee died in consequence of generalized peritonitis, mesenteric embolus and arteriosclerotic heart disease" and "That the death of the deceased * * * was not causally related to his injury * *."

At the hearing the testimony sharply conflicted on the issue of causation. It appears that there was no dispute that there was an accidental injury in the course of employment and compensation was paid therefor. The conflict arose from the fact that claimant's decedent died, as the findings show, from several causes. Since the Commissioner found several causes led to the death and some of these may or may not have been related to the original injury, it was necessary to know which one or ones, if any, were causally connected to the original injury. Until this was determined this Court could not rule whether as a matter of law the death was compensable.

At any rate, in a case where the cause of death is the ultimate issue and the sources found to be causative in some unstated degree are merely listed without

any specific finding as to which causes were related to a covered injury, a Court has no findings at all on which it may base a decision on the law. Le Blanc v. Henderson, 264 F.2d 946 (5th Cir. 1959); Dixie Sand & Gravel Corporation v. Holland, 255 F.2d 304 (6th Cir. 1958).

The final decision could not be made until the facts necessary to such a decision were established, for it was essential to determine if the death was or was not hastened to a significant degree by the accident. Southern Stevedoring Co. Inc. v. Henderson, 175 F.2d 863 (5th Cir. 1949).

For the foregoing reasons the case was remanded to Deputy Commissioner Andruzzi.

In this case the Commission was confronted with an immense quantity of extensive, technical medical testimony. The supplemental findings submitted are specific and clearly state that the death was not causally connected to the original injury, or that the death was not hastened to a significant degree by the accident.

The supplemental findings of fact compiled by the Deputy Commissioner on May 12, 1964 reveal inter alia:

" * * * that the thrombophlebitis which became apparent approximately two weeks after the operation did not cause mesenteric embolization and did not in any way cause, contribute to, or hasten the death of the employee, nor did such thrombophlebitis aggravate, precipitate or in any affect or accelerate the underlying heart disease which caused death; that the employee at no time during surgery or thereafter suffer from *cor pulmonale* nor did he at any time, at the time of surgery or thereafter, have pulmonary emboli; that the surgery performed on the employee on March 9, 1957, and the result of such surgical procedures and accompanying medical procedures necessitated by treatment for the injury or conditions arising from the injury during the employee's period of hospitalization beginning on March 4, 1957 and ending May 15, 1957, did not cause, aggravate, precipitate or hasten the death of the employee nor did such treatment and procedures in any way affect the underlying heart disease to cause, hasten or precipitate the death of the employee; that the death of the employee was the result of the underlying arteriosclerotic heart disease which was of long standing and which disease and the conditions causing death were not caused, aggravated, precipitated or hastened by the injury of October 21, 1955 or the surgery and result of surgery performed on March 9, 1957. The death of the deceased employee did not arise out of and in the course of his employment and was not causally related to his injury of October 21, 1955."

■ Review of decisions under the Longshoremen's and Harbor Workers' Compensation Act is governed by the provisions of the Administrative Procedure Act. The scope of review under this act is one of determining if the decision is supported by substantial evidence on the whole record. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The fact finding in such a proceeding is to be accomplished by the administrative agency and not the court. Lavino Shipping Company v. Donovan, 267 F.2d 59 (3rd Cir. 1959).

■ After reviewing all of the testimony and evidence presented to the Commissioner, this Court finds that the supplemental findings of fact as filed by the Commissioner on May 12, 1964 are supported by substantial evidence appearing on the record as a whole.

## ORDER

And now, this ninth day of December, 1964, in accordance with the foregoing Opinion, it is ordered that the Deputy Commissioner's renewed motion for summary judgment be and the same is hereby granted.