**UNITED FRUIT COMPANY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and Herman G. Hoff, Respondents.**

**No. 75–3639.**

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1977.

Shelly M. Barto, C. Brooks Morris, New Orleans, La., for petitioner.

William J. Kilberg, Sol. of Labor, U. S. Dept. of Labor, Laurie M. Streeter, Harry L. Sheinfeld, Washington, D. C., for Dept. of Labor.

Eldon E. Fallon, New Orleans, La., for Herman Hoff.

Thomas W. Thorne, Jr., New Orleans, La., Noble Eden, Metairie, La., for other interested parties.

Before BROWN, Chief Judge, and HILL and FAY, Circuit Judges.

JAMES C. HILL, Circuit Judge:

United Fruit Company, a self insured employer, presently appeals to this Court, seeking review of an order of the Benefits Review Board, United States Department of Labor. In that order, the Benefits Review Board reversed the order of the administrative law judge which rejected the claim for disability benefits of Herman

Hoff, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended, 33 U.S.C.A. 901 *et seq.* (hereinafter referred to as the Act).

In its order, the Benefits Review Board held that the claimant Hoff was entitled to disability benefits. United Fruit Company seeks to appeal from that ruling. However, the order also remanded the case to the administrative law judge in order that the nature and extent of the claimant's disability and the possible liability of the special second injury fund could be determined.

The Director, Office of Workers' Compensation Programs, United States Department of Labor, has moved this Court to dismiss the petition of United Fruit Company for review of the order of the Benefits Review Board contending that a final order has not been rendered in the cause and hence the order is not reviewable under Section 21(c) of the Act. 33 U.S.C.A. § 921(c) (Supp. II 1972). We agree.

Section 21(c) of the Act, in pertinent part, provides as follows:

> Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. . . .

Following the precedent of our Circuit as well as others, we hold that the petition must be dismissed for lack of a final order. *Strachan Shipping Co. v. Davis*, No. 75–4017 (5th Cir. March 17, 1975); *Gulfport Shipbuilding v. Vallot*, 334 F.2d 358 (5th Cir. 1964); *Sun Shipbuilding v. Benefits Review Board*, 535 F.2d 758 (3rd Cir. 1976); *Terminal Shipping Company et al. v. Spence et al.*, No. 75–2267 (4th Cir. Feb. 17, 1976); *Todd Shipyards Corporation et al. v. Allan et al.*, No. 75–3442 (9th Cir. May 14, 1976).

By ordering dismissal of this appeal as premature, the order complained of being interlocutory, we do not hold that such order may not be subject to review upon appropriate appeal from a final order.

DISMISSED.