729 F.2d 726
 1985 A.M.C. 1517
 JACKSONVILLE SHIPYARDS, INC., and Aetna Casualty and Surety
Company, Petitioners,
v.
ESTATE OF Edward J. VERDERANE, and the Director, Office of
Workers' Compensation Programs, Respondents.
JACKSONVILLE SHIPYARDS, INC., and Aetna Casualty and Surety
Company, Respondents,
v.
ESTATE OF Edward J. VERDERANE, and the Director, Workers'
Compensation Programs, Petitioners.
 Nos. 81-5696, 81-5757.
 United States Court of Appeals,
Eleventh Circuit.
 April 9, 1984.
 
 John E. Houser, Jacksonville, Fla., for petitioners.
 
 
 1
 Janet R. Dunlop, Agnes Kurtz, B.R.B., U.S. Dept. of Labor, Washington, D.C., for Benefits Review Bd.
 
 
 2
 John N. Bryant, Jacksonville, Fla., for Verderane.
 
 
 3
 Joshua T. Gillelan, II, Washington, D.C., for Office of Workers' Compensation Programs.
 
 
 4
 Petitions for Review of an Order of the Benefits Review Board.
 
 
 5
 Before HILL, VANCE and ANDERSON, Circuit Judges.
 
 PER CURIAM:
 
 6
 Jacksonville Shipyards and the Estate of Edward Verderane each petitioned this court to review an order entered by the Benefits Review Board of the United States Department of Labor. The Board, by its order, affirmed an administrative law judge's finding that Verderane was entitled to disability benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Secs. 901-950 (1976) (the Act). However, because it disagreed with the method used by the ALJ to calculate the statutory adjustments to Verderane's compensation rate, the Board vacated the ALJ's award of benefits and remanded for recomputation of the award.
 
 
 7
 After this court granted the petitions for review, the Director of the Office of Workers' Compensation Programs, United States Department of Labor, moved this court to dismiss the consolidated appeal on the ground that no appealable final order had been entered by the Benefits Review Board. We agree with the Director and therefore dismiss the petitions for review.
 
 
 8
 Under section 21(c) of the Act, 33 U.S.C. Sec. 921(c):
 
 
 9
 Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.
 
 
 10
 Without exception, this circuit has held that section 21(c) requires the Board's order to be final[1] and does not provide for review of a Board order that remands the case to an ALJ for further findings on a claimant's award of benefits. See, e.g., United Fruit Co. v. Director, Office of Workers' Compensation Programs, 546 F.2d 1224, 1225 (5th Cir.1977); Gulfport Shipbuilding Corp. v. Vallot, 334 F.2d 358, 360 (5th Cir.1964), cert. denied, 380 U.S. 974, 85 S.Ct. 1333, 14 L.Ed.2d 269 (1965). In fact, no circuit has reached a contrary conclusion on the issue. See Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399 (5th Cir.1984) (en banc) (collecting cases); Sun Shipbuilding & Dry Dock Co. v. Benefits Review Board, 535 F.2d 758 (3d Cir.1976).
 
 
 11
 Following, as we must, the precedent in this circuit, we hold that a petition to review a Benefits Review Board order that determines liability but remands to an ALJ for recalculation of the award is not an appealable final order under section 21(c) of the Act.[2] Accordingly, the petitions for review are
 
 
 12
 DISMISSED.
 
 
 
 [1]
 Generally, a judgment or order is not final for purposes of appellate review unless the decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), (quoting, Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945))
 
 
 [2]
 We emphasize that our disposition of this petition for review does not call into question those exceptional cases in which appealable finality has been accorded even though the judgment or order sought to be reviewed did not completely terminate the litigation. See Huckeby v. Frozen Food Express, 555 F.2d 542, 547-49 (5th Cir.1977) (certain narrow exceptions to rule of appealable finality recognized "where there is 'an order, otherwise nonappealable, determining substantial rights of the parties which will be irreparably lost if review is delayed until final judgment....' ") (emphasis in original) (citation omitted)
 The petition for review in this case, arising as it does under section 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, does not present such an exceptional situation. Therefore, the well-established requirement of appealable finality stands as a bar to our review of the Board's order.