COOPER STEVEDORING COMPANY, INC. and Insurance Company of North America, Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and Ralph M. Dorsey, Respondents.

No. 86–7443.

United States Court of Appeals, Eleventh Circuit.

Sept. 8, 1987.

W. Boyd Reeves, Grover E. Asmus, II, Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, Ala., for petitioners.

Lawrence P. Postol, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for Shipbuilders (amicus).

Joshua T. Gillelan, II, U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., for respondents.

Dennis Lindsay, Lindsay, Hart, Neil & Weigler, Portland, Or., for Master Contracting Stevedore Ass'n of the Pacific Coast (amicus).

Robert E. Babcock, Samuel J. Smith, Mullen & Filippi, San Francisco, Cal., for American President Lines, et al. (amicus).

Before FAY and CLARK, Circuit Judges, and ALLGOOD[*], Senior District Judge.

**PER CURIAM:**

Rudolph Dorsey (hereinafter claimant) sought and received an award for continuing temporary total disability compensation under the Longshore and Harbor Workers' Compensation Act (hereinafter LHWCA), 33 U.S.C. § 901 et seq. (Supp. II. 1984) This appeal challenges an order of the Benefits Review Board of the United States Department of Labor vacating a conclusion of law by the Administrative Law Judge (hereinafter ALJ) and remanding the case for further findings of fact. Because we conclude that the order of the Benefits Review Board is not "final" in accordance with 33 U.S.C. § 921(c) and is therefore not subject to judicial review, we dismiss the appeal for lack of jurisdiction.

## I.

## BACKGROUND

On June 7, 1980, claimant was employed by Cooper Stevedoring Company, Inc. (hereinafter Cooper) as a longshoreman. Claimant was assigned the task of handling cargo aboard a vessel moored in the Port of Mobile, Alabama. Claimant sustained injuries to his back, knee and foot when he jumped approximately eight feet down into the hold of the ship in order to escape the path of a falling boom.

Cooper[1] voluntarily paid compensation for temporary total disability and assumed medical costs for the period from June 8, 1980 to June 29, 1980. Claimant sought additional compensation under the LHWCA. In addition, claimant filed an action against the owner of the cargo ship in the United States District Court for the Southern District of Alabama pursuant to 33 U.S.C. § 905(b).[2] Cooper intervened in the third-party action and sought a lien for compensation and medical expenses already paid.

The ALJ conducted a hearing on August 3, 1981 and granted claimant's request to hold the record open sixty days for the addition of supplemental medical evidence. On December 8, 1981, the ALJ ruled that claimant was temporarily totally disabled and was entitled to compensation from the date of injury plus interest less amounts already paid. At some point, the third-party action against the owner of the vessel was settled for $56,000.[3]

It is undisputed that claimant did not receive Cooper's written approval of the settlement. Claimant did, however, reimburse Cooper for compensation and medical benefits provided through January 18, 1982.[4]

Cooper filed a motion to dismiss and a motion for reconsideration on December 11, 1981, and December 23, 1981 respectively. These motions raised the issue of whether claimant's settlement of the third-party claim in the absence of Cooper's written approval forfeited claimants right to additional compensation under 33 U.S.C. § 933(g).[5] The ALJ rejected the forfeiture

---

[*] Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Cooper and its workers' compensation carrier, the Insurance Company of North America, are both parties to this action. Hereinafter, they will be referred to jointly as "Cooper."

2. Claimant's wife also filed a claim for loss of consortium.

3. Claimant's wife received $10,000 for settlement of her loss of consortium claim.

4. Claimant paid employer $32,308.04 in satisfaction of the lien.

5. At the time, 33 U.S.C. § 933(g) (1982) provided:

> If compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter the employer shall be liable for compensation as determined in subsection (f) of this section only if the written approval of such compromise is obtained from the employer and its insurance carrier by the person entitled to compensation or such representative at the time of or prior to such compromise on a form provided by the Secretary and filed in the office of the deputy commissioner

contention on alternate grounds in an order dated April 21, 1982. First, assuming that Cooper was not paying compensation at the time of the settlement,[6] the ALJ reasoned that the written approval requirement of § 933(g) did not apply because claimant was not a "person entitled to compensation." Second, assuming that claimant was receiving payments when the settlement was executed, the ALJ ruled that the subsequent acceptance by Cooper of a portion of the settlement proceeds constituted an approval of the settlement and a waiver of rights under § 933(g).

Cooper appealed to the Benefits Review Board on May 19, 1982. During the pendency of the appeal, Congress amended § 933(g).[7] Oral argument was held on May 29, 1985. A panel of the Benefits Review Board ultimately ruled that the 1984 amendment applied retroactively and reversed the ALJ's conclusion that the acceptance of settlement funds by Cooper constituted a waiver of the written approval requirement. Under the panel's interpretation of § 933(g) as amended, "a claimant must, in order to preserve his or her right to compensation (1) obtain written approval of a third party settlement if at the time of settlement claimant is 'entitled to compensation' under an award or be-

cause of voluntary payments, or (2) give notice of the third party settlement (or judgment) in all other cases." *Dorsey v. Cooper Stevedoring Co.*, 18 Ben.Rev.Bd. Serv. (MB) 25, 31, BRB No. 82–827 slip op. at 7 (January 27, 1986). Because the ALJ failed to make a definitive finding as to the date of the settlement, the Benefits Review Board remanded the case to the ALJ to consider the relevant evidence and determine whether the settlement was executed before or after the ALJ entered the December 8, 1981 order.[8]

On March 13, 1986, Cooper filed a motion for reconsideration en banc. The Benefit Review Board denied this motion on May 29, 1986. Cooper filed a petition for review by this court on June 27, 1986. Thereafter, the Director of the Office of Workers' Compensation Programs filed a motion to dismiss the petition for lack of jurisdiction. This court denied the motion on August 29, 1986, under the reservation that the jurisdictional issues would be carried with the case.

## II.

## DISCUSSION

Cooper argues that the Benefits Review Board erroneously construed § 933(g) as amended. As indicated, the Director of the

---

having jurisdiction of such injury or death within thirty days after such compromise is made.

In 1984, this section was revised and now reads in pertinent part:

(1) If the person entitled to compensation (or the person's representative) enters into a settlement with a third person referred to in subsection (a) of this section for an amount less than the compensation to which the person (or the person's representative) would be entitled under this chapter, the employer shall be liable for compensation as determined under subsection (f) of this section only if written approval of the settlement is obtained from the employer and the employer's carrier, before the settlement is executed, and by the person entitled to compensation (or the person's representative). The approval shall be made on a form provided by the Secretary and shall be filed in the office of the deputy commissioner within thirty days after the settlement is entered into.

(2) If no written approval of the settlement is obtained and filed as required by paragraph (1), or if the employee fails to notify the employer of any settlement obtained from or

judgment rendered against a third person, all rights to compensation and medical benefits under this chapter shall be terminated, regardless of whether the employer or the employer's insurer has made payments or acknowledged entitlement to benefits under this chapter.

6. The ALJ found the record inconclusive with respect to the exact date of the settlement of claimant's third-party claims.

7. *See supra* note 5.

8. According to the order of the Benefit Review Board, if claimant's third-party settlement was executed prior to the ALJ's December 8, 1981 order awarding compensation for temporary total disability, claimant was not "entitled to compensation" at the time of the settlement and written approval was unnecessary under § 933(g)(1); if the settlement was executed after the December 8, 1981 order, claimant was "entitled to compensation" at the time of the settlement and written approval was required under § 933(g)(1).

Office of Workers' Compensation Programs challenges this court's jurisdiction to consider the substance of Employer's contentions.

33 U.S.C. § 921(c) provides in pertinent part:

> [a]ny person adversely affected or aggrieved by a *final order* of the [Benefits Review] Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.

(Emphasis added). This court has acknowledged that the finality requirement for appellate review prevents piecemeal adjudication and avoids delays caused by intermittent appeals.

> Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all. Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate review of the component elements in a unified cause.

*Freeman v. Califano*, 574 F.2d 264, 266 (5th Cir.1978)[9] (quoting *Cobbledick v. United States*, 309 U.S. 323, 324–25, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940)).

 A final order is "one which ends the litigation ... and leaves nothing for the court to do but execute the judgment."[10] *In re Alchar Hardware*, 730 F.2d 1386, 1388 (11th Cir.1984) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). An order remanding a matter to an administrative agency for further findings is not considered final for the purposes of appellate review. *See Cabot Corporation v. United States*, 788 F.2d 1539, 1542 (Fed.Cir.1986); *In re Riggsby*, 745 F.2d 1153, 1156 (7th Cir.1984); *Newpark Shipbuilding & Repair Inc. v. Roundtree*, 723 F.2d 399, 406 (5th Cir.) (en banc), *cert. denied*, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 53 (1984); *Director, Office of Workers' Compensation Programs v. Brodka*, 643 F.2d 159, 161 (3rd Cir.1981); *United Fruit Co. v. Director, Office Workers' Compensation Programs*, 546 F.2d 1224, 1225 (5th Cir. 1977). This court has specifically ruled that a remand of a LHWCA claim to an ALJ for further findings of fact is not an appealable order. *Jacksonville Shipyards, Inc. v. Estate of Verderane*, 729 F.2d 726, 727 (11th Cir.1984); *see United Fruit*, 546 F.2d at 1225; *Gulfport Shipbuilding Corp. v. Vallot*, 334 F.2d 358, 360 (5th Cir.1964), *cert. denied*, 380 U.S. 974, 85 S.Ct. 1333, 14 L.Ed.2d 269 (1965). Accordingly, employer's petition for review is DISMISSED.

---

9. The Eleventh Circuit, in *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

10. If an order does not end the litigation, it must be determined if the collateral order doctrine applies. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). This doctrine permits appeals from orders which "(1) finally determine claims collateral to and separable from the substance of other claims in the action; (2) cannot be reviewed along with the eventual final judgment because by then effective review will be precluded and rights conferred will be lost and (3) are too important to be denied review because they present a serious and unsettled question of law." *In re King Memorial Hospital, Inc.*, 767 F.2d 1508, 1510 (11th Cir.1985). The collateral order doctrine does not apply here because the Benefit Review Board's construction of § 933(g) will remain subject to review upon final judgment.