**Harold G. SHORTT, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, United
States Department of Labor, Respon-
dent.**

No. 84–1891.

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1985.

Decided July 3, 1985.

Lawrence L. Mose, III (Robert Austin
Vinyard, Abingdon, Va., on brief), for peti-
tioner.

Sylvia T. Kaser, Washington, D.C. (Fran-
cis X. Lilly; Donald S. Shire; J. Michael
O'Neill, Washington, D.C., on brief), for
respondent.

Before RUSSELL and SPROUSE, Circuit
Judges, and BUTZNER, Senior Circuit
Judge.

DONALD RUSSELL, Circuit Judge:

Petitioner, Harold G. Shortt (Shortt)
seeks review of the decision of the Benefits
Review Board, which affirmed the adminis-
trative law judge's (ALJ) decision, denying
his claim for benefits under the Black Lung
Benefits Act, 30 U.S.C. §§ 901–945 (1983)
(Act). Shortt contends that the Director,
Office of Workers' Compensation Pro-
grams (Director) should be precluded from
contesting his claim because the deputy
commissioner previously found Shortt eligi-
ble for benefits. We find that the Director
was empowered, in his discretion, to con-
test Shortt's claim in light of the interven-
ing decision of the ALJ finding Shortt ineli-
gible for benefits. Accordingly, we affirm.

I

Shortt, a 50–year old ex-miner who
worked in coal mine employment for over
24 years, filed a claim for black lung dis-
ability benefits with the Social Security Ad-
ministration of the Department of Health,
Education, and Welfare, (SSA claim) on
June 28, 1973. Shortt's SSA claim was
denied on December 4, 1973, and later was
denied upon reconsideration. On Novem-
ber 2, 1976, Shortt filed a second claim for

black lung disability benefits with the Department of Labor (DOL). The Act was amended by the Black Lung Benefits Reform Act of 1977, Pub.L. 95–239, § 15, 92 Stat. 95, 103 (1978) (codified at 30 U.S.C. § 945 (1983), to, in pertinent part, permit a claimant to request review of a previously denied claim. *See* Kilcullen, *Benefits Under the Federal Black Lung Program*, 26 Prac.Law. 71, 77 (1980). After enactment of the 1977 amendments, Shortt elected to have DOL review his previously denied SSA claim. Shortt's SSA claim was merged with his DOL claim, and on May 30, 1979, the deputy commissioner of DOL issued a preliminary decision finding Shortt entitled to benefits and finding Jewell Ridge Coal Corporation (Jewell Ridge) the responsible employer. Jewell Ridge contested Shortt's eligibility for benefits and requested a *de novo* hearing before an ALJ. The hearing was held on February 11, 1981, and on July 28, 1981, the ALJ issued its decision denying Shortt benefits. The ALJ found that Shortt had failed to present sufficient evidence to invoke the interim presumption of total disability due to pneumoconiosis. 20 C.F.R. § 727.203(a) (1984). Shortt then appealed to the Benefits Review Board (Board).

Before the Board reached its decision on the merits, Jewell Ridge moved to transfer potential responsibility for payment of benefits to the Black Lung Disability Trust Fund (Fund), due to the passage of section 205(a)(1) of the Black Lung Benefits Amendments of 1981, Pub.L. 97–119, Title II, § 205(a)(1), 95 Stat. 1635, 1645 (codified as amended at 30 U.S.C. § 932(c)(2) (1983)). Section 205(a)(1) provides that an operator shall not be liable for the payment of benefits if the miner's claim for benefits was denied before March 1, 1978 and has been approved under the 1977 amendments. That is, the 1981 amendments shifted the liability caused by the 1977 amendments from the mine operator to the Fund, which

was created by the 1981 amendments. The Board, after both Shortt and the Director concurred, dismissed Jewell Ridge as a party and substituted for it the Director. The Director chose to controvert Shortt's claim for benefits rather than remand for the payment of benefits. On July 26, 1984, the Board affirmed the ALJ's denial of benefits, finding substantial evidence to support the ALJ's finding that Shortt had failed to produce sufficient evidence to invoke the interim presumption.

## II

■ Shortt's sole assignment of error[1] is that it was improper for the Director to contest his claim for benefits after the deputy commissioner determined that he was entitled to benefits. Shortt maintains that it is "unethical" for the Director to contest his claim, and that the Director is "estopped" from doing so, in light of the decision of his subordinate, the deputy commissioner. Absent the initial designation of Jewell Ridge as the responsible employer, Jewell Ridge's request for a *de novo* hearing, and the intervening determination of ineligibility for benefits issued by the ALJ, Shortt's contention would be persuasive. The intervening decision of the ALJ, however, served to nullify the preliminary decision reached by the deputy commissioner. After the Director was properly substituted for Jewell Ridge and the Fund became liable for the payment of benefits, the Director was not obliged to ignore the decision of the ALJ, which was based upon a thorough review of all available evidence, in favor of the deputy commissioner's preliminary determination. On the contrary, the Director is obligated to preserve the Fund and to satisfy only meritorious claims.

The Seventh Circuit, when confronted with the identical issue, recently held that the deputy commissioner's preliminary de-

---

**1.** At oral argument, Shortt's counsel made clear that Shortt was not challenging the merits of the ALJ's decision, as affirmed by the Board. Furthermore, Shortt contends that he is entitled to a new hearing because his claim was denied in a "modification proceeding." 20 C.F.R. § 725.-497(e) (1984). This contention is meritless, because no modification proceeding ever took place. *See* 20 C.F.R. § 725.310.

termination of eligibility for benefits does not bind or estop the Director from contesting the claim if a later determination of the ALJ and the Board find the claim without merit. *Markus v. Old Ben Coal Co.*, 712 F.2d 322, 325–326 (7th Cir.1983). The *Markus* court held that the 1981 amendments did not provide that a claimant is entitled to an automatic remand for the payment of benefits, due to the deputy commissioner's preliminary determination, if the claim had not "survived the *entire* gauntlet of appeals and reviews prior to the 1981 enactments but after the 1977 Amendments." *Id.* at 326. The deputy commissioner's determination, therefore, must survive review by the ALJ, the Board, and the courts of appeal before it becomes binding on the Director. In the case *sub judice*, as in *Markus*, the claim was found without merit by both the ALJ and the Board. Shortt's initially approved claim has thus not survived the entire gauntlet of appeals and reviews and, despite the preliminary determination of the deputy commissioner, the Director was not obliged to remand the claim for payment of benefits.

Furthermore, 20 C.F.R. § 725.497(d) (1984) empowers the Director, after he has been substituted for the operator under the 1981 amendments, either to remand the claim for payment of benefits *or* to defend the claim on behalf of the Fund.[2] Subsection 725.497(d) provides:

> (d) *Procedure following dismissal of an operator.* After it has been determined that an operator or carrier must be dismissed as a party in any claim in accordance with this section, the Director shall take such action as is authorized by the Act to bring about the proper and expeditious resolution of the claim in light of all relevant medical and other evidence. Action to be taken in this regard by the Director may include, but is not limited to, the assignment of the claim to the Black Lung Disability Trust Fund for the payment of benefits, the reimbursement of benefits previously

paid by an operator or carrier if appropriate, the defense of the claim on behalf of the Trust Fund, or proceedings authorized by § 725.310 [modification proceedings].

Subsection 725.497(d) clearly leaves to the Director's discretion whether to contest a claim or to remand it for payment, despite the deputy commissioner's determination. *See also Director, OWCP v. Brodka*, 643 F.2d 159, 162–163 (3d Cir.1981) (Director entitled to contest attorney fee award rendered by deputy commissioner). Moreover, subsection 725.497(d) compels the Director to take such action that will "bring about the proper ... resolution of the claim in light of all relevant medical and other evidence." If the Director were to ignore the decision of the ALJ, which was based upon a review of all of the relevant medical and other evidence, the Director would evade its responsibility of *properly* resolving all claims. The ALJ's impartial decision was based upon a careful review of all available evidence: it is thus more reliable and accurate than the preliminary decision reached by the deputy commissioner.

In order to protect the Fund from meritless claims and to bring about a proper resolution of all claims, the Director, after being·substituted for the operator, is empowered either to remand the claim for the payment of benefits or to contest the claim. In the instant case, the Director chose to contest Shortt's claim, despite the initial decision of the deputy commissioner, because the ALJ found his claim to be without merit. Finding no abuse of the discretion properly vested in the Director, the decision of the Board denying Shortt's claim for benefits is

AFFIRMED.

---

**2.** Although § 725.497(d) was not promulgated until after the Director chose to controvert

Shortt's claim, Shortt challenges neither the validity nor the applicability of § 725.497(d).