799 F.2d 751
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas O.SMITH, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 84-1946.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1986.
Decided Aug. 28, 1986.
 
 James A. McLaughlin (Susan K. McLaughlin; Paul R. Mancuso; Barkan & Neff Co., L.P.A. on brief), for petitioner.
 Marta Kusic, United States Department of Labor (George R. Salem, Deputy Solicitor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation; Thomas L. Holzman, Assistant Counsel for Appellate Litigation; Michael J. Denney; United States Department of Labor; Attorneys for the Director, Office of Workers' Compensation Programs on brief), for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Thomas O. Smith petitions for review of an order of the Benefits Review Board denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. Finding the decision to deny benefits to be without procedural error and supported by substantial evidence, we affirm.
 
 I.
 
 2
 Smith had originally applied for benefits on August 12, 1974. His claim was denied in February, 1977. Following the enactment of the 1977 amendments to the Black Lung Benefits Act, Smith's claim was reviewed by the Department of Labor ("DOL") and he was initially found eligible for benefits in 1979. The employer, however, protested and in 1981 a hearing was held before an administrative law judge ("ALJ").
 
 
 3
 At the hearing, Smith testified that he was born on September 29, 1911, and worked for Consolidation Coal Company, first as a supply clerk from 1939 until 1970, and then as a supervisor of supplies from 1970 to 1974, after which he retired. According to Smith, he was frequently exposed to coal dust in his position as a supply clerk, where one of his duties was to clean coal bins. Smith further testified that since before his retirement he had suffered from breathing problems, including chest pain and pressure, a productive cough, and shortness of breath.
 
 
 4
 In addition to Smith's testimony, the record includes the medical opinions of two physicians. Dr. N. L. Lapp's medical report, dated June 24, 1976, is based on a physical examination of Smith, his work and medical history, and blood gas studies which Dr. Lapp termed "normal." Dr. Lapp diagnosed chronic bronchitis, but offered no opinion as to the extent of impairment, if any.
 
 
 5
 Another medical report, dated May 7, 1980, was submitted by Dr. Joseph J. Renn, III. Dr. Renn's examination of Smith on May 6, 1980, revealed that claimant's chest was clear to palpation, percussion, and auscultation without cyanosis, clubbing, or edema. Dr. Renn also administered blood gas, ventilatory, and stress tests, and took complete work and medical histories. His report made specific reference to Smith's complaints of pain, breathing problems, and a cough. The doctor concluded that although Smith did have x-ray evidence of simple pneumoconiosis, he suffered from no disabling respiratory impairment and would be able to perform his regular coal mining job or work of a similar effort.
 
 
 6
 Because of x-ray evidence indicating the presence of pneumoconiosis, the ALJ found that Smith was entitled to invoke the interim presumption of disability under 20 C.F.R. Sec. 727.203(a) (1).[1] The ALJ further concluded, however, that the remaining medical evidence, including the opinions of Doctors Lapp and Renn and the results of non-qualifying ventilatory and blood gas tests, rebutted the presumption under 20 C.F.R. Sec. 727.203(b) (2) by showing that Smith was able to perform his usual coal mine work.
 
 
 7
 Both Smith and the DOL's Director of the Office of Workers' Compensation Programs (the "Director") appealed the ALJ's decision to the Benefits Review Board. Pursuant to the transfer provisions of the 1981 amendments to the Black Lung Act, the Board dismissed the employer as a party to the case and substituted the Director as the respondent potentially liable for benefits. Upon the Director's request, the Board also dismissed the Director's appeal. The Board then affirmed the ALJ's decision, concluding that the denial of benefits was supported by substantial evidence. Smith petitioned this Court for review of the Board's decision. His case was initially held in abeyance pending a decision of the en banc court in Stapleton v. Westmoreland coal co., 785 F.2d 424 (4th Cir. 1986), which addressed the effect of the interim presumption provisions of 20 C.F.R. Sec. 727.203.
 
 II.
 
 8
 On appeal, Smith's primary contention is that Stapleton requires reversal of the Board's decision, because the ALJ relied primarily on non-qualifying ventilatory and blood gas studies and did not consider all relevant evidence, including claimant's testimony and Dr. Renn's reference to Smith's breathing problems. Upon consideration of the record, briefs, and oral argument, we find this contention to be without merit.
 
 
 9
 The ALJ's decision expressly noted that it was based upon the entire record, including the hearing transcript. Moreover, the ALJ specifically referred to a portion of claimant's testimony concerning his breathing difficulties. In Stapleton, we held that all relevant medical evidence, including nonqualifying test results, must be considered in determining whether the interim presumption has been rebutted. 785 F.2d at 427. In light of Stapleton, the ALJ's conclusion that the interim presumption in this case was rebutted is supported by substantial evidence. Accordingly, the Board's decision denying Smith's claim is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 "Under 20 C.F.R. S 727.203(a) (1)-(4), miners who have performed mine work for more than ten years and who are diagnosed as having some degree of pneumoconiosis as a result of one positive x-ray, or one physician's opinion, or one set of positive ventilatory studies, or one set of positive blood gas studies, are entitled to invoke the interim presumption of disability. Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986). This interim presumption may be rebutted, however, under 20 C.F.R. Sec. 727.203(b) (1)-(4) with evidence that the miner is performing or remains capable of performing his usual coal mine work or comparable work, or that the pneumoconiosis did not result from his coal mine work, or that the miner is not and has not suffered from pneumoconiosis
 
 
 [2]
 In his opening brief, appellant additionally contended that it was improper for the Director, who initially approved the claim, to later contest it. This contention has been dispositively resolved by this Court against appellant's position in Shortt v. Director of Workers' Compensation Programs, 766 F.2d 172, 174 (4th Cir.1985) (Director empowered in his discretion to contest a miner's claim after he had been substituted for the employer under the 1981 amendments, in light of an intervening decision by an ALJ finding the miner ineligible for benefits)