813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ruth C. SLOAN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 85-1435.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 11, 1986.
Decided Feb. 2, 1987.
 
 Before PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.
 C. Patrick Carrick, Law Offices of Ross Maruka, on brief), for petitioner.
 George R. Salem, Deputy Solicitor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel for Appellate Litigation, Kenneth S. Sollars, Attorney, United States Department of Labor, on brief, for respondent.
 PER CURIAM:
 
 
 1
 Ruth C. Sloan, the widow of former coal miner Frank Sloan, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial of black lung survivor benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901, et seq. We affirm.
 
 
 2
 On June 4, 1979, the Department of Labor issued a notice of initial finding of eligibility for benefits. The putative responsible operator, Clinchfield Coal Company, controverted liability for the payment of benefits and thereafter the claim was referred to the Office of Administrative Law Judges.
 
 
 3
 A hearing was conducted before an ALJ in Fairmont, West Virginia. The ALJ concluded that the widow had invoked the presumption that her husband was totally disabled pursuant to 20 C.F.R. Sec. 727.203(a)(1) and (a)(4), but that the presumption was rebutted by the employer pursuant to 20 C.F.R. Sec. 727.203(b)(3) and, therefore, the widow was not entitled to benefits. The widow filed a timely notice of appeal with the Board. Subsequently, the Board dismissed the employer and substituted the Director as the party respondent to the appeal, pursuant to Sec. 205 of the Black Lung Benefits Amendments of 1981, Pub.L. No. 97-119, Title II, Sec. 205, 95 Stat. 1635, 1645 (codified as amended at 30 U.S.C. Sec. 932(c) (1983)). The Board affirmed the ALJ's decision, finding that substantial evidence supported the ALJ's conclusion that the interim presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(3).
 
 
 4
 On appeal, the widow argues that the ALJ erred in finding rebuttal.[1] She contends that the x-ray and autopsy evidence of pneumoconiosis, the qualifying "at rest" values of a blood-gas study, and the conclusion of Dr. Grace Reynolds that Sloan suffered from a moderate impairment as a result of coal worker's pneumoconiosis compel the conclusion that at the time of Sloan's death he suffered from a total disability caused at least in part by coal worker's pneumoconiosis. The record, however, also contains the medical opinions of Drs. Morgan, Kress, Swoyer and Hansbarger, Sloan's death certificate and the autopsy report. These documents all support the ALJ's conclusion that the total disability or death of the deceased miner was not caused in whole or in part by his coal mine employment.
 
 
 5
 We agree with the Board that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(3). We find that the decision of the ALJ is supported by substantial evidence and is in accordance with the law. 33 U.S.C. Sec. 921(b)(3). See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985). Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The decision of the Benefits Review Board is affirmed.
 
 
 
 [1]
 The widow apparently also contends that the Board erred in allowing the Director to oppose the claim for benefits after substituting him as party respondent. This Court recently held that the Director is empowered, in his discretion, to contest a claim for benefits when there has been an intervening determination of ineligibility for benefits issued by an ALJ. Shortt v. Director, OWCP, 766 F.2d 172 (4th Cir.1985). The claimant's argument therefore lacks merit