812 F.2d 1400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry R. DARBY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 85-1004.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 9, 1986.
Decided Feb. 18, 1987.
 
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 C. Patrick Carrick, Law Offices of Ross Maruka, on brief, for petitioner.
 George R. Salem, Deputy Solicitor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel for Appellate Litigation, Sylvia T. Kaser, Attorney, United States Department of Labor, on brief, for respondent.
 PER CURIAM:
 
 
 1
 Harry R. Darby, a former coal miner, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial of his claim for black lung disability payments under the Federal Coal Mine Health and Safety Act of 1969 (Black Lung Act), as amended, 30 U.S.C. Secs. 901, et seq. We affirm.
 
 
 2
 On July 27, 1979, the Department of Labor issued a notice of initial finding of eligibility for benefits. Upon notification of the finding of eligibility, the putative responsible operator, Bethlehem Mines Corporation, controverted liability for the payment of benefits. The claim was then referred to the Office of Administrative Law Judges.
 
 
 3
 A hearing was conducted before an ALJ in Clarksburg, West Virginia. The ALJ concluded that Darby had invoked the interim presumption that he was totally disabled pursuant to 20 C.F.R. Sec. 727.203(a)(1), but that the presumption was rebutted by the employer pursuant to 20 C.F.R. Sec. 727.203(b)(2) and, therefore, Darby was not entitled to benefits. The Director, Office of Workers' Compensation Programs (Director) did not participate in the proceedings.
 
 
 4
 Darby filed a timely notice of appeal with the Board. Subsequently, the Board dismissed the employer and substituted the Director as the party-respondent to Darby's appeal, pursuant to Sec. 205 of the Black Lung Benefits Amendments of 1981, Pub.L. No. 97-119, Title II, Sec. 205, 95 Stat. 1635, 1645 (codified as amended at 30 U.S.C. Sec. 932(c) (1983)). The Board affirmed the ALJ's decision, finding that substantial evidence supported the ALJ's conclusion that the interim presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2).
 
 
 5
 Darby initially contends that the Board erred in allowing the Director to oppose the claim for benefits after substituting him as party-respondent, since it had previously been determined by a deputy commissioner of the Office of Workers' Compensation Programs that Darby was eligible for benefits. In Shortt v. Director, OWCP, 766 F.2d 172 (4th Cir.1985), this Court held that the Director is empowered, in his discretion, to contest a claim for benefits when there has been an intervening determination of ineligibility for benefits issued by an ALJ. The denial of Darby's claim for benefits by the ALJ nullified the preliminary determination of eligibility by the deputy commissioner. Id. at 173. Darby's first contention therefore lacks merit.
 
 
 6
 Darby also argues that the ALJ erred in finding rebuttal. Darby contends that the ALJ erroneously relied on a medical report submitted by Dr. Renn and erroneously discredited the opinion of Darby's treating physician, Dr. Sine. The Board held that the ALJ rationally found Dr. Renn's report adequately documented and Dr. Sine's report unreasoned and undocumented. Our review of the record supports the Board's conclusion in this regard. Furthermore, we find no prejudicial error in the ALJ's failure to mention a report prepared by Drs. Walker, Elkin and Revercomb for the West Virginia Occupational Pneumoconiosis Board, as state board findings are not binding upon an ALJ. See 20 C.F.R. Sec. 410.470; Auton v. Eastern Gas and Fuel Corp., 2 BLR 1-269, 1-275 (1979).
 
 
 7
 We agree with the Board that the presumption was rebutted under Sec. 727.203(b)(2). We find that the decision of the ALJ is supported by substantial evidence and is in accordance with the law. 33 U.S.C. Sec. 921(b)(3). See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985). Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The decision of the Benefits Review Board is affirmed.
 
 
 8
 AFFIRMED.