833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
METRIC CONSTRUCTORS, INCORPORATED, Aetna Casualty & Surety
Company, Petitioners,
v.
Sammy Joe JENKINS, Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 87-3857.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 26, 1987.
Decided: Nov. 19, 1987.
 
 William Searles Sands, Jr., White, Johnson & Lawrence, for petitioners.
 Leon R. Sarfan, Sarfan & Nachman, for respondent Jenkins.
 Joshua Thomas Gillelan, II, U.S. Department of Labor, for respondent Office of Workers' Compensation Programs.
 Before JAMES DICKSON PHILLIPS, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Metric Constructors, Inc., and Aetna Casualty and Surety Company ("Metric") seek review of an order of the Benefits Review Board of the Department of Labor ("BRB") which remanded Sammy Joe Jenkins's claim for disability benefits for further proceedings before an Administrative Law Judge ("ALJ"). Jenkins and the Director of the Office of Workers' Compensation Programs have moved for dismissal of this petition on the ground that the BRB's decision is not final and, consequently, not reviewable by this Court at this time.
 
 
 2
 The Longshoremens' and Harborworkers' Compensation Act provides that "[a]ny person adversely affected or aggrieved by a final order " of the Benefits Review Board may invoke the jurisdiction of the appropriate court of appeals to review that decision. 33 U.S.C. Sec. 921(c) (1970) (emphasis added). It is clear that the Act adheres to the " 'statutory concept of finality' " as the basis of our appellate jurisdiction. Newport News Shipbuilding and Dry Dock Co. v. Director, Office of Workers' Compensation Programs, 590 F.2d 1267, 1268 (4th Cir.1978) (citation omitted); see 28 U.S.C. Sec. 1291. In judging the finality of an order we use a "practical rather a technical construction." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949).
 
 
 3
 The BRB determined, in reversing the ALJ, that Jenkins is an "employee" under the Act and that he is entitled to the 33 U.S.C. Sec. 920(d) presumption that his injury was not occasioned by his willful intention to injure himself. On remand the ALJ will have to receive and weigh evidence before deciding the "remaining issues regarding claimant's entitlement to compensation under the Act" including Jenkins's applicable average weekly wage.
 
 
 4
 The BRB order is simply not appealable as a final order, nor may it be treated as final under the "collateral order doctrine" of Cohen, 337 U.S. at 545-47; the order is thus not reviewable at this time under the provision of 33 U.S.C. Sec. 921(c).
 
 
 5
 The respondents' motions to dismiss are granted, and the petition for review is dismissed. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 DISMISSED.