844 F.2d 789
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas J. DAVIS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3936.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The petitioner moves for in forma pauperis status in this petition for review of the Benefits Review Board's decision in this Black Lung case. 33 U.S.C. Sec. 921(c). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the briefs and appendix, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The petitioner filed a claim for benefits which was denied on June 22, 1984, after a hearing by the Administrative Law Judge (ALJ). While his petition for review before the Benefits Review Board was pending, the petitioner moved for modification and the consideration of additional evidence by the ALJ. The Board remanded the case to the ALJ for further proceedings, while explicitly informing the petitioner that he must file a new petition within 30 days of any order entered by the ALJ.
 
 
 3
 The ALJ denied modification on September 15, 1986. The petitioner's new request for review was filed on October 24, 1986. Therefore, the Board dismissed the petition because it was filed beyond the 30 day time limit. 33 U.S.C. Sec. 921(a). The Board noted that "[c]laimant's appeal, BRB No. 84-1699 BLA, of the administrative law judge's Decision and Order issued June 24, 1984, [sic] remains pending before the Board. The parties will be sent a copy of the Board's decision on the day it is issued."
 
 
 4
 This court has appellate jurisdiction under 33 U.S.C. Sec. 921(c) to review only "a final order of the Board." "It is clear that [33 U.S.C. Sec. 921(a) ] adheres to the 'statutory concept of finality,' Bohms v. Gardner, 381 F.2d 283, 285 (8th Cir.1967), as the basis of our appellate jurisdiction. See also 28 U.S.C. Sec. 1291." Newport News Shipbuilding and Dry Dock Co. v. Director, Office of Workers' Compensation Programs, 590 F.2d 1267, 1268 (1978) (per curiam).
 
 
 5
 A final order is " 'one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree.' " Youghiogheny & Ohio Coal Co. v. Baker, 815 F.2d 422, 424 (6th Cir.1987) (quoting Wagner v. Burlington Indus., Inc., 423 F.2d 1319, 1321 (6th Cir.1970)). The order review of which is sought here did not dispose of the "whole subject," and this court thus lacks appellate jurisdiction.
 
 
 6
 The motion for in forma pauperis status is granted. The petition for review is denied under Rule 9(b)(1), Rules of the Sixth Circuit, because this court lacks appellate jurisdiction.