991 F.2d 787
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene C. DAUGHERTY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Wolverine Mining
Company, Respondents.
 No. 92-2346.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 16, 1993
Decided: April 2, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (91-0291-BLA)
 Eugene C. Daugherty, Petitioner Pro Se.
 Roscoe Conkling Bryant, III, Barbara J. Johnson, Marta Kusic, Staff Attorney, United States Department of Labor, Washington, D.C.; William Steele Mattingly, Jackson & Kelly, Morgantown, West Virginia, for Respondents.
 Ben. Rev. Bd.
 Dismissed.
 Before HALL, PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Eugene C. Daugherty seeks to appeal a decision and order of the Benefits Review Board (Board) denying his application for benefits under the Federal Coal Mine Health and Safety Act of 1969(Act), as amended, 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1992). Because we lack jurisdiction over this appeal, we dismiss the appeal.
 
 
 2
 The Board issued a decision on September 29, 1992, denying Daugherty's application for benefits. Daugherty filed a timely motion for reconsideration with the Board as provided at 20 C.F.R. § 802.407 (1992). Several days later, Daugherty petitioned for review with this Court before the Board had acted on the motion for reconsideration.
 
 
 3
 Appeals from decisions and orders of the Board to the courts of appeals are governed by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c) (1988), as incorporated by 30 U.S.C.A. § 932(a). Section 921(c) provides that a person adversely affected by a final order of the Board may invoke the jurisdiction of the appropriate court of appeals to review that Board decision. Thus, the Act requires that Board orders appealed from be final. Director, Office of Workers' Compensation Programs v. Brodka, 643 F.2d 159, 161 (3d Cir. 1981). We consistently have held that the Act adheres to the statutory concept of finality as the basis of appellate jurisdiction. See Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Compensation Programs, 590 F.2d 1267 (4th Cir. 1978); 28 U.S.C. § 1291 (1988).
 
 
 4
 Daugherty filed a timely motion for reconsideration with the Board. Because the Board retains jurisdiction pursuant to that motion, we lack jurisdiction to consider this appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. We note that if Daugherty wishes to appeal the Board's reconsidered decision after it issues, he must file a new petition for review with this Court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED