[PRACTICE.]

## The GRAN PARA. The Consul General of PORTUGAL, *Libellant*.

Where the Court of Admiralty has parted with the possession of the property, upon bail or stipulation, and it is necessary, for the purposes of justice, to retake the property into the custody of the Court, the proper process against any person not a party to the stipulation, but who is alleged to have the actual or constructive possession, is a *monition*, and not an *execution*, in the first instance.

THIS is the same case which was reported *ante*, vol. VII. p. 471. and was an appeal from proceedings had in the Court below, under the mandate of this Court in the original cause.

The cause was argued by Mr. *D. Hoffman*, for the appellant, and by the *Attorney General* and Mr. *Taney*, for the respondent. But as the present determination of the Court was confined to the single point of practice, without affecting the other questions involved in the cause, it has

*Feb. 24th*

not been thought necessary to report the argu-- ments of counsel.

Mr. Justice STORY delivered the opinion of the Court.

This is an appeal from the Circuit Court for the District of Maryland, from proceedings had in that Court under the mandate of this Court in the original cause, which is reported in 7 *Wheat. Rep.* 471.

The material facts are these: The original libel was against sundry quantities of gold and silver coin, and bullion, deposited by Daniels in the Marine Bank of Baltimore. A claim was interposed by one Nicholas Stansbury, asserting himself to be " agent and attorney, in fact," of Daniels, on behalf of the latter, and claiming restitution of the property as lawfully captured in war by Daniels. Pending the proceedings in the Court below, Stansbury made application for the delivery of the property upon stipulation, and thereupon the Court ordered, that *J. D. Daniels* be permitted to draw for, and the President and Directors of the Marine Bank be suffered to pay to Daniels, the money in controversy, provided, that Daniels should enter into a stipulation in 23,000 dollars, with such surety or sureties as might be approved of by the libellant's proctors, to abide such further order or decree, either interlocutory or final, as might be made by the Court in the premises. The libellant's proctors approved of Stansbury, and one Thomas Sheppard, and one Henry Didier, jun. as sure-

ties, and they, accordingly, gave a stipulation for the amount " for J. D. Daniels, claimant." But Daniels himself was not a party to the stipulation. By a subsequent order of the Court, the money was delivered by the Marine Bank to Stansbury, who signed a receipt for the same as attorney for Daniels, upon a certificate of the deposit originally given by the Cashier of the Bank to Daniels, and by him delivered over to Stansbury.

A decree of restitution having passed in the Supreme Court, after the mandate was brought into the Circuit Court, the libellant prayed that *execution* might issue against Daniels to enforce the performance of the decree, and that a monition, or other proper process, might issue against the sureties to the stipulation. To this course the proctor for the claimant objected, and the Court finally ordered admiralty process to issue against the stipulators, but refused to make any further order under the motion of the libellant. The case is now before us by appeal from that decision.

Several points have been urged in the argument, upon which, in the present stage of the cause, it is not thought necessary to express any opinion. Assuming Daniels to be a party to the cause, in virtue of the claim made in his behalf by Stansbury, it still remains to show, that the process of execution is, in the first instance, to be issued against him. He is not a party to the stipulation, and so far as any remedy is to be sought upon that, it lies exclusively against the

sureties, since he, as principal, has not, personally, or through the instrumentality of any agent, become bound by it. The remedy against him for the property, or its proceeds, must be sought solely upon the ground, that he has the actual or constructive possession of them in virtue of the delivery to his agent under the order of the Court below. If the property had remained in the custody of the Court, there is no pretence to say, that he would be liable for the restitution. It is the delivery to him, or to his authorized agent, which can alone give rise to any liability on his part, whether he be a party to the suit, or only a custodee of the property or its proceeds. In such cases, the usual proceeding in the admiralty is, not to award *execution* against the party, for that would preclude him from showing, in his defence, that he never had any actual or constructive possession, or that he was discharged from all liability. The proper course is, to issue a monition to Daniels in the usual manner, upon the return of which he may appear and justify himself, and interpose such allegations on the merits as may bring all the matters fully before the Court for judgment. This is the constant practice of the admiralty; and the subsequent proceedings are to be according to the common usage, upon which it is unnecessary to comment.

It is, therefore, the opinion of this Court, that the Circuit Court was right in refusing to grant an *execution* against Daniels, under the circumstances, and that its decretal order ought to be

affirmed; but inasmuch as it appears, that the principal question between the parties has been, whether any process whatsoever could be awarded against Daniels, it is directed that the affirmation of the order be without prejudice to the award of a monition against Daniels in the common form of the admiralty.

1825.
The Gran
Para.

DECREE. This cause came on, &c. on consideration whereof, it is ORDERED, ADJUDGED and DECREED, that the decree of the Circuit Court, refusing to issue an execution against John D. Daniels, as prayed for by the libellant in his petition, be, and the same hereby is, affirmed, with costs; without prejudice to the libellant, to apply to the said Circuit Court for a monition against the said John D. Daniels, in the premises, according to the usage of the admiralty, that being a process to which the libellant is entitled by law.