**ELLIOT COAL MINING COMPANY, INC., Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent,**

**Benefits Review Board, United States Department of Labor, Respondent,**

**Metro Kovalchick, Respondent.**

No. 91–3370.

United States Court of Appeals, Third Circuit.

Submitted Jan. 28, 1992.
Decided Feb. 12, 1992.

Stephen Yakopec, Jr., Buchanan Ingersoll, Professional Corp., Pittsburgh, Pa., for petitioner.

Karen N. Blank, Michael J. Denney, U.S. Dept. of Labor, Office of Sol., Washington, D.C., for respondent Director, Office of Workers' Compensation Programs.

Before STAPLETON, SCIRICA and ALITO, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In 1978, Respondent Kovalchick filed a claim for medical benefits under Part C of the Black Lung Benefits Act, 30 U.S.C. § 901 (1978). Petitioner Elliot Coal Mining Company ("Petitioner") contested both Kovalchick's entitlement to benefits and Respondent Director's identification of Petitioner as a responsible operator under 30 U.S.C. § 802(d) (1977).[1]

On October 24, 1984, an Administrative Law Judge issued a decision and order finding that Petitioner was not a responsible operator. On June 30, 1988, the Benefits Review Board issued a decision and order reversing the ALJ's finding on the responsible operator issue and remanding the case for consideration on the merits of Kovalchick's entitlement to benefits. Petitioner sought review of the Board's decision of June 30, 1988, and the petition for review was dismissed by this court on May 19, 1989.

The ALJ entered a decision and order on remand on January 28, 1991. The ALJ amended its decision and order on May 6, 1991, and again on May 14, 1991. Petitioner appealed the ALJ's decision and order to the Benefits Review Board on June 12, 1991. On June 13, 1991, Petitioner filed with this court a "Petition for Review To Set Aside Amended Decision or in the Alternative Petition To Reopen Previous Petition for Review." On July 1, 1991, Respondent Director moved this court to dismiss the instant petition for review for lack of jurisdiction.

Title 33 U.S.C. § 921(c), incorporated by 30 U.S.C. § 932(a), allows "[a]ny person adversely affected or aggrieved by a final order of the [Benefits Review] Board" to petition for review by a federal court of appeals. There is no statutory authority under the Black Lung Benefits Act for review by a federal court of appeals of an order of an Administrative Law Judge.

Petitioner, citing *National Steel & Shipbuilding v. Director, OWCP*, 703 F.2d 417 (9th Cir.1983), asks us to accept jurisdiction. In that case, the United States Court of Appeals for the Ninth Circuit accepted jurisdiction over an employer's appeal from an ALJ's decision on remand on the ground that an appeal to the Benefits Review Board would have been futile, because the Board was bound by its prior decision as law of the case.

*National Steel* is distinguishable, however. In that case, the Court of Appeals stated:

> When National Steel filed its current petition for review, the time for further review before the BRB had passed and neither side had appealed to the Board. The threat of confusion from concurrent jurisdiction no longer exists.
>
> We therefore hold that the ruling of the Board on [claimant's] permanent loss of vision is final and that we have jurisdiction over this petition.

703 F.2d at 418–19 (footnotes and citations omitted). In the instant case, the employer *did* appeal to the Benefits Review Board (on the day before it filed the instant petition for review). In this case, therefore, there is a "threat of confusion from concurrent jurisdiction."

Moreover, the Court of Appeals for the Ninth Circuit went on to note:

> We do not wish our holding to be interpreted as *precluding* an appeal to the Board under the circumstances of this case, before appealing to this court. Indeed, counsel in cases like this one would be well advised to appeal again to the Board and only then to petition for review in this court. *See Sun Shipbuilding & Dry Dock Co. [v. Benefits Review Board*, 535 F.2d 758,] 760 n. 10 [ (3d Cir.1976) (per curiam) ].

703 F.2d at 419 n. 3 (emphasis in original). We agree that this is the proper procedure.

Petitioner still contends, however, that it is not a responsible operator as defined by the applicable statute and regulations.

---

1. On September 10, 1990, Petitioner filed a stipulation acknowledging that Kovalchick was totally disabled as a result of pneumoconiosis.

Even if *National Steel* were not distinguishable, we would decline to follow it. As noted above, the authority of this court to review administrative decisions under the Black Lung Benefits Act stems from 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a), which allows this court to review a "final order of the Board." *Sun Shipbuilding*, 535 F.2d at 760. That provision is jurisdictional. *Shendock v. Director, OWCP*, 893 F.2d 1458 (3d Cir.1990). This court may not expand its own jurisdiction on the ground that to do so would be expeditious.

We hold that 33 U.S.C. § 921(c), which allows this court to review a "final order of the Board," does not grant this court jurisdiction to review an order of an administrative law judge upon which the Board has not yet passed. Because the Board has not yet issued a final order in this case, the petition for review is hereby dismissed as interlocutory.

Costs taxed in favor of the Board.